POLICE OFFICERS ASSOCIATION OF MICHIGAN v
OTTAWA COUNTY SHERIFF

Docket No. 244919. Submitted June 8, 2004, at Lansing. Decided August
19, 2004, at 9:15 A.M.

The Police Officers Association of Michigan filed a petition in the
Employment Relations Commission seeking compulsory arbitra-
tion of employment issues concerning the petitioner's members
employed by the respondents, Ottawa County Sheriff, Ottawa
County, and Ottawa County Board of Commissioners, following
the expiration of the parties' collective bargaining agreement.
After the petitioner accepted the respondents' offer of settlement,
an arbitration panel conducted hearings to consider certain un-
settled issues, including whether the panel was allowed to consider
grievances that occurred after the expiration of the prior collective
bargaining contract. The panel declined to consider the grievances
and issued an opinion and award. The petitioner sought to vacate
in the Ottawa Circuit Court that portion of the award in which the
panel refused to consider grievances that occurred after the
collective bargaining agreement expired. The court, Edward R.
Post, J., granted summary disposition in favor of the respondents
The petitioner appealed.

The Court of Appeals *held*:

MCL 423.238 grants an arbitration panel discretion to deter-
mine the economic issues in dispute either at a hearing or before
the conclusion of the hearing. The statute does not require that
issues be determined before the hearing or preclude the consider-
ation of new issues at the hearing. The arbitration panel erred in
concluding that it was precluded from considering issues that were
not raised before the hearing. Nothing in the statute precludes a
party from identifying a disputed issue at an arbitration hearing.
The circuit court erred in granting summary disposition in favor of
the respondents.

Reversed and remanded.

LABOR RELATIONS — ARBITRATION — POLICE AND FIRE DEPARTMENTS — HEARINGS.

The provisions of the act regarding the compulsory arbitration of
labor disputes in municipal police and fire departments provide
that an arbitration panel shall identify the economic issues in

dispute at or before the conclusion of a hearing held pursuant to § 6 of the act; the act does not require that issues be determined before the hearing or preclude the consideration of new issues at the hearing (MCL 423.231 *et seq.*).

*Frank A. Guido* and *Peter W. Cravens* for the petitioner.

*Silver & Van Essen, P.C.* (by *Douglas W. Van Essen*), for the respondents.

Before: FITZGERALD, P.J., and BANDSTRA and SCHUETTE, JJ.

PER CURIAM. Petitioner, Police Officers Association of Michigan (POAM), appeals as of right the order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of respondents, Ottawa County Sheriff, Ottawa County, and Ottawa County Board of Commissioners. We reverse and remand.

I

The POAM is a labor organization that serves as the bargaining agent for the sheriff's deputies who are employed by respondents. The collective bargaining agreement that existed between the POAM and respondents expired on December 31, 1999. On June 5, 2000, the POAM filed a petition on behalf of the sheriff's deputies seeking compulsory arbitration under 1969 PA 312 (Act 312), which provides for compulsory arbitration of labor disputes in municipal police and fire departments. MCL 423.231. In its petition, the POAM identified fourteen disputed issues, including "Grievance Procedure" and "Arbitrator's Powers."

The arbitration panel[1] held a prehearing conference

---

[1] Under Act 312, an arbitration panel is composed of an employer's delegate, an employee's delegate, and an impartial delegate from the Michigan Employment Relations Commission. MCL 423.234.

on September 19, 2000, and identified all the issues to be arbitrated as "economic." The panel also identified "retroactivity" as an issue. On September 26, 2001, the POAM accepted respondents' offer of settlement, but noted that "there were remaining issues concerning 'duration (retroactive) on wages and grievance procedure duration (retroactive/prospective).' "

On October 4, 2001, the arbitration panel conducted an arbitration hearing on the unsettled issues. The POAM raised an issue regarding respondents' refusal to arbitrate grievances that occurred after the expiration of the prior collective bargaining contract. The POAM sought retroactive arbitration of the twelve grievances, and respondents contended, in part, that the issue was not timely because the issue of retroactivity of arbitration of grievances was not contained in the initial petition for arbitration.

The arbitration panel issued a majority opinion and award on February 4, 2002,[2] declining to consider the POAM's last best offer concerning the right to retroactively arbitrate grievances because, "the Act and the rules prohibit a consideration of the arbitration-related issues at a time near or at the scheduled arbitration hearing." The panel's majority opinion cites MCL 423.238, as well as 1999 AC, R 423.505 and R 423.507, in support of its conclusions.

On February 21, 2002, the POAM filed a complaint seeking to vacate that portion of the arbitration award that refused to consider the POAM's last best offer on the right to arbitrate pending grievances. The POAM argued that MCL 423.238 and Rules 423.505 and 423.507 do not prohibit a party from raising "issues in dispute prior to the close of the hearing, and that both POAM and

---

[2] The POAM's delegate on the panel dissented.

defendants were 'on notice of the existence of the dispute throughout the pendency of the arbitration proceeding.' " Both parties moved for summary disposition. The trial court granted respondents' motion for summary disposition, agreeing with the reasoning of the arbitration panel's majority opinion.

II

The POAM argues that the arbitration panel erred by refusing to consider the POAM's last best offer regarding the retroactive arbitration of grievances at the hearing and that the trial court erred by granting summary disposition in favor of respondents. This Court reviews de novo a trial court's grant or denial of summary disposition. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998). Similarly, statutory construction is a question of law that is subject to review de novo. *Haworth, Inc v Wickes Mfg Co,* 210 Mich App 222, 227; 532 NW2d 903 (1995).

Section 8 of Act 312, MCL 423.238,[3] provides in relevant part:

> At *or* before the conclusion of the hearing held pursuant to section 6, the arbitration panel shall identify the economic issues in dispute, and direct each of the parties to submit, within such time limit as the panel shall prescribe, to the arbitration panel and to each other its last offer of settlement on each economic issue. The determination of the arbitration panel as to the issues in dispute and as to which of these issues are economic shall be conclusive. [Emphasis added.]

---

[3] MCL 423.238 only applies to economic issues. In basing its decision not to allow petitioner to raise the issue of the retroactive arbitration of grievances at the hearing, the panel implicitly concluded that the issue was economic. Pursuant to MCL 423.238, the panel's determination on this issue was "conclusive."

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Gladych v New Family Homes, Inc,* 468 Mich 594, 597; 664 NW2d 705 (2003). The plain language of MCL 423.238 provides that "the arbitration panel shall identify the economic issues in dispute" *"[a]t or before the conclusion of the hearing* held pursuant to section 6 . . . ."[4] The Legislature's use of the disjunctive "or" indicates that the Legislature intended to grant arbitration panels discretion to determine the economic issues in dispute either *at the hearing* or *before the conclusion of the hearing.* There is no language in MCL 423.238 that requires issues to be determined before the hearing or that precludes the consideration of new issues at the hearing. The arbitration panel's conclusion that the issue regarding the retroactive arbitration of grievances was precluded under MCL 423.238 because the issue was not raised *before* the hearing does not comport with the plain language of the statute.

Additionally, statutory language should be construed reasonably, keeping in mind the purpose of the act. *Draprop Corp v City of Ann Arbor,* 247 Mich App 410, 415; 636 NW2d 787 (2001). Because police and fire departments are forbidden from striking, public policy requires an "alternate, expeditious, effective and binding procedure for the resolution of disputes" to maintain the high morale of the employees and the efficient operation of

---

[4] Section 6, MCL 423.236, provides in relevant part:

Upon the appointment of the arbitrator, he shall proceed to act as chairman of the panel of arbitration, call a hearing, to begin within 15 days . . . . The hearing conducted by the arbitration panel may be adjourned from time to time, but, unless otherwise agreed by the parties, shall be concluded within 30 days of the time of its commencement.

the departments. MCL 423.231. "[T]o that end," the provisions of MCL 423.231 *et seq.* "shall be liberally construed." MCL 423.231.[5]

Accordingly, we conclude that the arbitration panel erred in concluding that MCL 423.238 precluded the consideration at the arbitration hearing of the POAM's issue regarding the retroactive arbitration of grievances. Nothing in the plain language of MCL 423.238 precludes a party from identifying a disputed issue at the arbitration hearing. The arbitration panel erred by failing to consider the POAM's last best offer on the issue of retroactive arbitration of grievances, and the trial court erred by granting respondents' motion for summary disposition.[6]

Reversed and remanded. Jurisdiction is not retained.

---

[5] The arbitration panel also relied, in part, on 1999 AC, R 423.505 and R 423.507(1) and (2) in rejecting the POAM's last best offer regarding the arbitration of grievance issues. Rule 423.505 provides for the submission of a petition to initiate compulsory arbitration under Act 312. Rule 423.507 addresses the prehearing and arbitration hearings. Neither Rule 423.505 nor Rule 423.507 requires the identification of issues in advance of the hearing.

[6] Respondents raise several alternative grounds for affirming the trial court's grant of summary disposition in respondents' favor, none of which we find persuasive.