694 N.W.2d 757 (2005)
472 Mich. 892
Craig LAPORTE and Shelly Laporte, Individually and as Next Friends of Nathan Laporte, a Minor, Plaintiffs-Appellees,
v.
WILLIAM BEAUMONT HOSPITAL, Defendant-Appellant, and
Aaron Medical Industries, Inc., Defendant.
Docket No. 128434, COA No. 260461.
Supreme Court of Michigan.
April 20, 2005.
On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the April 8, 2005 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should now be reviewed by this Court under the circumstances of this case. The motion to stay the circuit court proceedings pending appeal is DENIED.
MARILYN J. KELLY, J. concurs and states as follows:
I agree with the order. I am confident that the trial judge, an experienced and respected jurist, will strive to rule in this case fairly and without bias, just as this Court should do.
YOUNG, J., concurs and states as follows:
Because this matter is interlocutory, I concur in the denial. In Craig v. Oakwood Hospital, 471 Mich. 67, 684 N.W.2d 296 (2004), and Gilbert v. DaimlerChrysler Corp., 470 Mich. 749, 685 N.W.2d 391 (2004), this Court clearly set forth the role of the trial judge under MRE 702 and MCL 600.2955 to act as a gatekeeper to ensure that each aspect of an expert witness's proffered testimony  including the data underlying the expert's theories and the methodology by which the expert draws conclusions from that data  is reliable. If, after the trial in this case, there is an application for leave to appeal establishing that the Oakland Circuit Court failed to adequately perform its role as a gatekeeper, these gatekeeping principles will be enforced.