ROBINSON v FORD MOTOR COMPANY

Docket No. 271395. Submitted January 18, 2007, at Detroit. Decided
    October 30, 2007, at 9:05 a.m.

Robert Robinson brought an action in the Wayne Circuit Court
    against his employer, the Ford Motor Company, and a fellow
    employee, Darren Smith, alleging, in part, sexual harassment in
    violation of the Civil Rights Act (CRA), MCL 37.2101 *et seq*. Ford
    moved for summary disposition, alleging, in part, that sexual
    horseplay by Smith, a heterosexual male, directed against the
    plaintiff, a male, fell outside the definition of sexual harassment.
    The court, Wendy M. Baxter, J., denied the motion with regard to
    the alleged violation of the CRA. The Court of Appeals granted
    Ford's application for leave to appeal from that part of the order.

The Court of Appeals *held*:

The court properly rejected Ford's claims that the plaintiff's
same-gender, hostile-work-environment claim is not cognizable
under the CRA and that Smith's conduct toward the plaintiff was
not of a sexual nature. However, the court failed to address the
threshold issue whether the plaintiff was harassed because of sex.
The order appealed from must be affirmed, but the matter must be
remanded to the trial court to address whether the plaintiff has
presented a genuine and material issue regarding whether he was
harassed because of sex.

1. The language of MCL 37.2202(1)(a), which prohibits dis-
crimination because of sex in the terms and conditions of employ-
ment, does not exclude same-gender, sexual-harassment claims.

2. The CRA prohibits physical conduct or communication of a
sexual nature that has the effect of interfering with an individual's
employment. MCL 37.2103(i)(*iii*). Actionable sexual harassment
requires conduct or communication that inherently pertains to
sex, but there is no requirement that such conduct or communi-
cation include proof of the harasser's sexual desire. The plaintiff
presented evidence to allow a reasonable trier of fact to find that
some of Smith's offensive conduct or communications inherently
pertained to sex.

3. A plaintiff, in order to establish a claim of hostile-work-environment harassment, must demonstrate that the plaintiff belonged to a protected group, that the plaintiff was subjected to conduct or communication on the basis of sex, that the conduct or communication was unwelcomed, that the unwelcomed conduct or communication was intended to or did substantially interfere with the plaintiff's employment or created an intimidating, hostile, or offensive work environment, and respondent superior. The trial court assumed that there was sufficient evidence that Smith's actions were motivated by sex merely because Smith's conduct inherently pertained to sex. The matter must be remanded for a determination whether Smith's conduct or communications constituted discrimination because of sex. The trial court, on remand, should address the following evidentiary routes that allow male plaintiffs to establish a hostile-work-environment claim based on same-gender harassment: the harasser making sexual advances is acting out of sexual desire; the harasser is motivated by general hostility to the presence of men in the workplace; or the plaintiff offers direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.

Affirmed but remanded for further proceedings.

1. CIVIL RIGHTS — SEXUAL HARASSMENT — SAME-GENDER CLAIMS.

The Civil Rights Act does not preclude same-gender, hostile-work-environment claims (MCL 37.2202[1][a]).

2. CIVIL RIGHTS — SEXUAL HARASSMENT — WORDS AND PHRASES — SEXUAL NATURE.

The Civil Rights Act prohibits physical conduct or communication of a sexual nature that has the effect of interfering with an individual's employment; actionable sexual harassment requires conduct or communication that inherently pertains to sex, but proof of the harasser's sexual desire is not required regarding conduct or communication of a sexual nature (MCL 37.2103[i]).

3. CIVIL RIGHTS — SEXUAL HARASSMENT — HOSTILE WORK ENVIRONMENT.

A plaintiff, in order to establish a claim of hostile-work-environment harassment, must demonstrate that the plaintiff belonged to a protected group, that he or she was subjected to unwelcomed conduct or communication because of sex, that the conduct or communication was intended to or did substantially interfere with the plaintiff's employment or created an intimidating, hostile, or offensive work environment, and respondeat superior (MCL 37.2103[i][*iii*]).

*Pitt, McGehee, Mirer, Palmer & Rivers, P.C.* (by *Michael L. Pitt, Robert W. Palmer,* and *Beth M. Rivers*), for Robert Robinson.

*Kienbaum Opperwall Hardy & Pelton, P.L.C.* (by *Elizabeth Hardy, Patricia J. Boyle,* and *Julia Turner Baumhart*), and *Jennifer A. Zinn,* for the Ford Motor Company.

Before: DONOFRIO, P.J., and BANDSTRA and ZAHRA, JJ.

PER CURIAM. Defendant Ford Motor Company (defendant) appeals by leave granted the trial court's order denying its motion for summary disposition of plaintiff's claim alleging sexual harassment under the Civil Rights Act (CRA), MCL 37.2101 *et seq.* This case involves a claim of same-gender harassment. Plaintiff claims he was subjected to a sexually hostile work environment in violation of MCL 37.2103(i)(*iii*). We conclude that the trial court properly rejected defendant's claims that (1) plaintiff's same-gender, hostile-work-environment claim is not cognizable under the CRA and that (2) the harasser's conduct toward plaintiff was not of a sexual nature. However, we conclude that the trial court failed to address the threshold issue whether plaintiff was harassed because of sex. Accordingly, we affirm the order of the trial court, but we remand for the trial court to address whether plaintiff has presented a genuine and material issue regarding whether he was harassed because of sex.

### I. BASIC FACTS AND PROCEDURE

Plaintiff alleges that a male coworker, defendant Darren Smith, sexually harassed him while they both worked in defendant's manufacturing plant. Plaintiff knew that Smith was regularly involved in on-the-job

antics with two coworkers, Eric Ward and Bruce Tofil. Smith, Ward, and Tofil made a game of catching each other off guard and hitting each other on the buttocks with paddles. They also threw gloves and snow at each other and squirted fire extinguishers at each other. In April 2001, Tofil left defendant's employ, and Smith was reassigned to work with plaintiff installing truck hoods. Smith began to direct his antics toward plaintiff. Plaintiff alleges that between 2001 and 2003, Smith engaged in a variety of conduct unwelcomed by him and other employees that constituted sexual harassment.

With regard to plaintiff, the alleged conduct included Smith's slapping him on the buttocks, pinching his nipples, pulling down plaintiff's pants to expose his underwear, Smith's exposing his testicles to another coworker while grasping plaintiff's hand and attempting to or actually making plaintiff touch them, and Smith's placing his hands in plaintiff's pants and placing his finger between plaintiff's buttocks. Smith also allegedly offered to show plaintiff his penis and asked plaintiff about the size of plaintiff's penis. Additionally, Smith allegedly made comments about wanting to see plaintiff's "naked butt" in a vat of K-Y Jelly and wanting to "crack [plaintiff's] ass." On several occasions, Smith told plaintiff, "You're my bitch, I own your ass."

Plaintiff alleges that he suffered a breakdown in March 2003, after two consecutive days in which Smith digitally penetrated plaintiff's mouth. Specifically, plaintiff alleges that Smith jumped on his back and forced his fingers in plaintiff's mouth and down his throat while he was wearing a dirty glove. Plaintiff testified in his deposition that he could feel Smith's erect penis on his back during one of these incidents. Plaintiff reported these and other incidents to his supervisor.

Plaintiff brought this action alleging, in part, sexual harassment in violation of the CRA. Defendant moved for summary disposition, arguing that sexual horseplay by a heterosexual male directed against another male fell outside the statutory definition of sexual harassment. The trial court disagreed and denied defendant's motion with regard to the alleged violation of the CRA. This Court granted defendant's application for leave to appeal, limited to the issues raised in the application. In the application, defendant specifically claimed that "the Supreme Court would not recognize a same-sex hostile environment sexual harassment claim." Defendant's second claim on appeal is that "[i]f a sexual harassment claim exists, plaintiff failed to present evidence of homosexual or otherwise inherently sexual conduct." Defendant's last claim is that "courts that have reviewed same-sex claims have required affirmative evidence that the alleged harasser is homosexual."

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159; 645 NW2d 643 (2002). Defendant moved for summary disposition under MCR 2.116(C)(10). A motion under this subrule tests the factual sufficiency of the plaintiff's complaint. *Kraft v Detroit Entertainment, LLC*, 261 Mich App 534, 539; 683 NW2d 200 (2004). The trial court must consider the affidavits, pleadings, depositions, admissions, and any other evidence submitted by the parties in a light most favorable to the nonmoving party. *Id.* at 539-540. Summary disposition should be granted if there is no genuine issue of

any material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 540; MCR 2.116(C)(10) and (G)(4).

### B. SEXUAL HARASSMENT UNDER THE CRA

Under the CRA, "[a]n employer shall not do any of the following: (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status." MCL 37.2202(1)(a). MCL 37.2103(i) further provides, in pertinent part, that

> *[d]iscrimination because of sex* includes sexual harassment. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication *of a sexual nature* under the following conditions:
>
>          *   *   *
>
> (*iii*) The conduct or communication has the purpose or effect of substantially interfering with an individual's employment, ... or creating an intimidating, hostile, or offensive employment ... environment. [MCL 37.2103(i)(*iii*) (emphasis added).]

*Radtke v Everett,* 442 Mich 368, 381; 501 NW2d 155 (1993) (sexual harassment that falls under MCL 37.2103[i][*iii*] is commonly labeled hostile-work-environment harassment).[1]

---

[1] To establish a claim of hostile-work-environment harassment, a plaintiff must demonstrate that: (1) the employee belonged to a protected group; (2) the employee was subjected to conduct or communication on the basis of sex; (3) the conduct or communication was unwelcomed; (4) the unwelcomed conduct or communication was intended to, or in fact did, substantially interfere with the employee's employment or created an intimidating, hostile, or offensive work environment; and (5) respondeat superior. *Rymal*

Defendant first claims that the trial court erred in recognizing a same-gender, hostile-work-environment claim under the CRA. This argument raises a question of statutory interpretation. When faced with questions of statutory interpretation, courts must discern and give effect to the Legislature's intent as expressed in the words in the statute. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). Where the language is unambiguous, it must be presumed that the Legislature intended the meaning clearly expressed, and no further judicial interpretation is permitted. *Id.* Terms that are not defined in a statute must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary for definitions. *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004).

Defendant correctly points out that the Michigan Supreme Court has not addressed the question whether same-gender, hostile-work-environment claims are recognized under the CRA. The United States Supreme Court addressed such claims under federal law in *Oncale v Sundowner Offshore Services, Inc*, 523 US 75, 80; 118 S Ct 998; 140 L Ed 2d 201 (1998). The Supreme Court summarized the facts of *Oncale*:

> In late October 1991, Oncale was working for respondent Sundowner Offshore Services on a Chevron U.S.A., Inc., oil platform in the Gulf of Mexico. He was employed as a roustabout on an eight-man crew which included respondents John Lyons, Danny Pippen, and Brandon Johnson. Lyons, the crane operator, and Pippen, the driller, had supervisory authority. On several occasions, Oncale was forcibly subjected to sex-related, humiliating actions against him by Lyons, Pippen and Johnson in the presence of the rest of the crew. Pippen and Lyons also physically

*v Baergen*, 262 Mich App 274, 312; 686 NW2d 241 (2004). Only conduct or communication that is sexual in nature can constitute harassment within the meaning of the statute. *Haynie v Dep't of State Police*, 468 Mich 302, 312; 664 NW2d 129 (2003).

assaulted Oncale in a sexual manner, and Lyons threatened him with rape. [*Oncale, supra* at 77 (citation omitted).]

*Oncale* "present[ed] the question whether workplace harassment . . . violate[d] Title VII's prohibition against 'discrimination . . . because of . . . sex,' 42 U.S.C. § 2000e-2(a)(1), when the harasser and the harassed employee are of the same sex." *Id.* at 76. The United States Supreme Court held:

> We see no justification in the statutory language or our precedents for a categorical rule excluding same-sex harassment claims from the coverage of Title VII. As some courts have observed, male-on-male sexual harassment in the workplace was assuredly not the principal evil Congress was concerned with when it enacted Title VII. But statutory prohibitions often go beyond the principal evil to cover reasonably comparable evils, and it is ultimately the provisions of our laws rather than the principal concerns of our legislators by which we are governed. Title VII prohibits "discrimination . . . because of . . . sex" in the "terms" or "conditions" of employment. Our holding that this includes sexual harassment must extend to sexual harassment of any kind that meets the statutory requirements. [*Id.* at 79-80.]

The CRA contains a phrase identical to that which was interpreted by *Oncale* under title VII. Specifically, MCL 37.2202(1)(a) prohibits, "discriminat[ion] . . . because of . . . sex" in a "term" or "condition" of employment. The language of the CRA does not exclude same-gender harassment claims. Accordingly, we reject defendant's claim that the CRA excludes same-gender, hostile-work-environment claims.

Defendant next claims that the phrase "of a sexual nature" in MCL 37.2103(i) necessarily means behavior that inherently pertains to sexual relations; therefore, there can be no behavior "of a sexual nature" between members of the same sex where the perpetrator is

heterosexual and the conduct does not involve homosexual advances or desire. This argument also raises a question of statutory interpretation.

We begin our analysis by noting that the term "sexual harassment" is defined under the CRA to include any one of three different actions that have the "purpose or effect of substantially interfering" with one's employment or create an "intimidating, hostile, or offensive" workplace. MCL 37.2103(i)(*iii*). These three actions are: (1) unwelcome sexual advances; (2) requests for sexual favors; and (3) other verbal or physical conduct of a sexual nature. MCL 37.2103(i). Clearly, unwelcome sexual advances and requests for sexual favors relate to the harasser's sexual desire or gratification. Thus, a plaintiff alleging a sexually hostile work environment on the basis of sexual advances or solicitations must present some credible evidence that the harasser is motivated by sexual desire. However, the same cannot be said about the third type of action barred under the CRA—verbal or physical conduct "of a sexual nature." *Id.*

The CRA prohibits "physical conduct or communication *of a sexual nature*" that has the effect of interfering with an individual's employment. MCL 37.2103(i)(*iii*) (emphasis added). In *Corley v Detroit Bd of Ed*, 470 Mich 274, 279; 681 NW2d 342 (2004), our Supreme Court construed the phrase "sexual nature" as used in MCL 37.2103(i). It held:

> "Sexual nature" is not defined in the statute. Where a term is not defined in the statute, we will review its ordinary dictionary meaning for guidance. "Sexual" is defined, in part, as "of or pertaining to sex" or "occurring between or involving the sexes: *sexual relations.*" "Nature" is defined as a "native or inherent characteristic." Utilizing these two commonly understood definitions, we conclude that actionable sexual harassment requires conduct or

> communication that *inherently* pertains to sex. [Emphasis in original; citations omitted.]

The Supreme Court did not indicate that conduct or communication that inherently pertains to sex must also include proof of the harasser's sexual desire. Accordingly, we will not read into MCL 37.2103(i) a requirement that is not expressly stated, i.e., a harasser's sexual desire.

Here, plaintiff presented sufficient evidence to allow a reasonable trier of fact to find that some of Smith's offensive conduct or communications inherently pertained to sex. Plaintiff offered proof that Smith allegedly exposed his testicles and forced plaintiff to touch them, hit plaintiff's buttocks, exposed plaintiff's underwear, digitally penetrated plaintiff's buttocks, moved his hand between plaintiff's legs toward his testicles, squeezed plaintiff's nipples, threw pubic hair at plaintiff, rubbed plaintiff's personal property against his genitals, and pressed his erect penis on plaintiff's back while forcing his fingers into plaintiff's mouth. This conduct involves direct contact with sexual organs or sexual parts of the body accompanied by either express or implied references to sexual activity. Thus, we conclude plaintiff has presented sufficient evidence to allow a reasonable trier of fact to conclude that Smith's conduct and communication inherently pertained to sex.

### C. BECAUSE OF SEX (ON REMAND)

We ultimately address an argument that was not addressed by the trial court, but presented in the parties' briefs and raised at oral arguments before this Court. In resolving defendant's motion, the trial court failed to address the second element of a sexual harassment claim. It appears that the trial court assumed

there was sufficient evidence that Smith's actions were motivated by sex merely because Smith's conduct inherently pertained to sex. "The error is in concluding that all harassment of a sexual nature amounts, *ipso facto*, to gender discrimination." *Equal Employment Opportunity Comm v Harbert-Yeargin, Inc*, 266 F3d 498, 521 (CA 6, 2001). "This second element is derived from the language of MCL 37.2202(1), which prohibits an employer from discriminating against an employee 'because of' sex. Obviously, an employer cannot be said to have discriminated against an employee 'because of' sex unless, but for the fact of the employee's sex, the employer would not have discriminated against the employee." *Haynie v Dep't of State Police*, 468 Mich 302, 308; 664 NW2d 129 (2003).

The phrase "of a sexual nature," which refers to the third element, is found within the statutory description of "[d]iscrimination because of sex." MCL 37.2103(i). As our Supreme Court observed, "[s]exual harassment is merely a subset of sexual discrimination." *Koester v City of Novi*, 458 Mich 1, 11; 580 NW2d 835 (1998), citing MCL 37.2103(i), overruled in part on other grounds by *Haynie, supra.* See also *Diamond v Witherspoon*, 265 Mich App 673, 683; 696 NW2d 770 (2005). As a subset of sexual discrimination, plaintiff must nonetheless show that he was subjected to a sexually hostile workplace "because of sex." MCL 37.2103(i). As this Court stated in *Barbour v Dep't of Social Services*, 198 Mich App 183, 186; 497 NW2d 216 (1993), the CRA and the analogous provisions of title VII of the federal Civil Rights Act of 1964, 42 USC 2000e *et seq.*, require that sexual harassment be "gender-based." This is consistent with the common understanding of the word "sex," particularly in a legal context. The term, "sex," is most commonly defined as, "either the female or male division of the species, esp. as differentiated with reference

to the reproductive functions" and "the sum of the structural and functional differences by which the female and male are distinguished, or the phenomena or behavior dependent on these differences." *Random House Webster's College Dictionary* (2nd ed). Indeed, Black's Law Dictionary (6th ed) limits the definition of the term "sex" to, "[t]he sum of the peculiarities of structure and function that distinguish a male from a female organism; the character of being male or female." The Legislature clearly intended that hostile-work-environment harassment claims be "gender-based."

Thus, consistent with *Oncale,* we interpret the CRA to present a threshold question whether the same-gender harasser's conduct "constituted discrimination . . . because of . . . sex." *Oncale, supra* at 81 (emphasis omitted). In *Oncale,* the Supreme Court noted examples of evidentiary routes that allow male plaintiffs to establish a hostile-work-environment claim based on same-gender harassment:

> (1) where the harasser making sexual advances is acting out of sexual desire; (2) where the harasser is motivated by general hostility to the presence of men in the workplace; and (3) where the plaintiff offers "direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." [*Vickers v Fairfield Medical Ctr,* 453 F3d 757, 765 (CA 6, 2006), citing *Oncale, supra* at 80-81.]

Here, the trial court did not determine whether the evidence was sufficient to establish that Smith acted out of sexual desire when harassing plaintiff or that Smith was motivated by a general hostility toward the presence of men in the workplace. Similarly, the trial court did not address whether there is direct comparative evidence about how Smith treated members of both

genders in a mixed-gender workplace.[2] Further, the trial court did not identify any evidentiary routes that plaintiff took to establish his same-gender, sexual harassment claim. Accordingly, we affirm the order of the trial court, but we remand for the trial court to address whether plaintiff presented evidence under one or more of the evidentiary routes to establish discrimination because of sex. We do not retain jurisdiction.

---

[2] We express no opinion regarding whether plaintiff established a mixed-gender workplace. *Oncale, supra* at 80-81; See *Davis v Coastal Internat'l Security, Inc,* 348 US App DC 375, 381; 275 F3d 1119 (2002).