OTTAWA COUNTY v POLICE OFFICERS ASSOCIATION
OF MICHIGAN

Docket No. 276669. Submitted December 2, 2008, at Grand Rapids.
Decided December 11, 2008, at 9:15 a.m.

The Ottawa Circuit Court, Edward R. Post, J., affirmed an award by a
compulsory-arbitration panel convened pursuant to MCL 423.231 *et
seq.*, (Act 312) that adopted a proposal by the Police Officers Associa-
tion of Michigan for retroactive grievance arbitration for Ottawa
County sheriff's deputies and detectives. Ottawa County appealed.

The Court of Appeals *held*:

1. The county's claim that Act 312 is unconstitutional is
without merit. The Michigan Supreme Court, in *Local 1277, Metro
Council No 23, AFSCME, AFL-CIO v Center Line*, 414 Mich 642
(1982), held that Act 312 is clearly constitutional.

2. An Act 312 arbitration panel is not limited in its retroactive
awards to awarding increased compensation rates or economic ben-
efits. MCL 423.240 clearly and unambiguously provides that "[i]n-
creases in rates of compensation or other benefits may be awarded
retroactively." The right to grievance arbitration is a benefit to the
detectives and deputies in this case, and the Legislature has provided
Act 312 arbitration panels the authority to award noneconomic
benefits, like grievance arbitration, retroactively.

3. The Act 312 arbitration panel's finding that the issue of
retroactive grievance arbitration was an issue in dispute at collec-
tive bargaining and the panel's reasoning for adopting the police
officers association's proposal for retroactive grievance adminis-
tration were both supported by substantial evidence on the record.

Affirmed.

ARBITRATION — ACT 312 ARBITRATION — RETROACTIVE AWARDS OF BENEFITS IN
ARBITRATION.

Retroactive awards of benefits by compulsory-arbitration panels
convened pursuant to the statute that governs the resolution of
labor disputes involving public police and fire departments are not
limited to economic benefits; grievance arbitration is a benefit that
can be awarded retroactively by such a panel (MCL 423.240).

*Nantz, Litowich, Smith, Girard & Hamilton* (by *John H. Gretzinger*) for Ottawa County.

*Frank A. Guido* and *George J. Mertz* for the Police Officers Association of Michigan.

Before: HOEKSTRA, P.J., and BANDSTRA and DONOFRIO, JJ.

PER CURIAM. Petitioner, Ottawa County (the County), appeals as of right the circuit court's order affirming the award of the Act 312 arbitration panel. Because we conclude that Act 312, MCL 423.231 *et seq.*, is constitutional, an Act 312 arbitration panel may award noneconomic benefits retroactively, and the arbitration panel's finding that retroactive grievance arbitration was an issue in dispute during the collective bargaining sessions was supported by sufficient evidence, as was its reasoning to adopt the proposal by respondent, Police Officers Association of Michigan (POAM), of retroactive grievance arbitration, we affirm.

The instant appeal involves the County's attempts to negotiate with POAM, which represents the County's sheriff's detectives and road patrol deputies, a successor agreement to the parties' collective bargaining agreement that expired on December 31, 2002. The County specifically objects to the Act 312 arbitration panel's adoption of POAM's proposal regarding retroactive grievance arbitration, which provided that "[t]he right to arbitrate grievances shall be retroactive to January 1, 2003[,] for any pending grievances, including those filed on or after January 1, 2003."

I

The orders of an Act 312 arbitration panel are subject to judicial review in the circuit court, "but only for

reasons that the arbitration panel was without or exceeded its jurisdiction; the order is unsupported by competent, material and substantial evidence on the whole record; or the order was procured by fraud, collusion or other similar and unlawful means." MCL 423.242; *Detroit v Detroit Fire Fighters Ass'n, Local 344, IAFF*, 204 Mich App 541, 550; 517 NW2d 240 (1994). Substantial evidence is defined as "any evidence that reasonable minds would accept as adequate to support the decision; it is more than a mere scintilla of evidence but may be less than a preponderance of the evidence." *Becker-Witt v Bd of Examiners of Social Workers*, 256 Mich App 359, 361; 663 NW2d 514 (2003) (quotation marks and citations omitted). This Court also reviews an order of an Act 312 arbitration panel under the standards set forth in MCL 423.242. *Detroit v Detroit Police Officers Ass'n*, 408 Mich 410, 480-483; 294 NW2d 68 (1980) (opinion by WILLIAMS, J.); *Detroit Fire Fighters Ass'n, supra* at 550-551, 551 n 10. In addition, this Court "may review an error of law that is substantial and apparent on its face." *Police Officers Ass'n of Michigan v Ottawa Co Sheriff (On Reconsideration)*, 264 Mich App 133, 136; 694 NW2d 757 (2004). Questions concerning the constitutionality and interpretation of a statute are reviewed de novo. *Toll Northville Ltd v Northville Twp*, 480 Mich 6, 10-11; 743 NW2d 902 (2008).

II

The County claims that Act 312 is unconstitutional. However, because our Supreme Court has stated that "Act 312 is clearly constitutional," *Local 1277, Metro Council No 23, AFSCME, AFL-CIO v Center Line*, 414 Mich 642, 648; 327 NW2d 822 (1982), the County's argument is without merit.

III

The County also contends that Act 312 does not permit an arbitration panel to award noneconomic benefits, such as the right to grievance arbitration, retroactively. The County claims that the phrase "[i]ncreases in rates of compensation or other benefits" in MCL 423.240 refers only to economic benefits. We disagree.

This Court previously held that an Act 312 arbitration panel could not award noneconomic benefits retroactively. *Local 1917, Metro Council No 23, AFSCME v Wayne Co Bd of Comm'rs*, 86 Mich App 453, 462-463; 272 NW2d 681 (1978). However, the Court in *Local 1917, Metro Council* addressed the 1969 version of MCL 423.240, which provided, in pertinent part:

> Increases in rates of compensation awarded by the arbitration panel under section 10 may be effective only at the start of the fiscal year next commencing after the date of the arbitration award. If a new fiscal year has commenced since the initiation of arbitration procedures under this act, the foregoing limitation shall be inapplicable, and such awarded increases may be retroactive to the commencement of such fiscal year any other statute or charter provisions to the contrary notwithstanding.

Regarding the 1969 version of MCL 423.240, the Court stated:

> The Legislature specifically speaks of retroactivity but only in regards to economic benefits. The Legislature was conspicuously silent on retroactivity of noneconomic benefits. We hold that had the Legislature intended for arbitration panels acting under the 1969 Act to have the power to grant retroactivity to the subject noneconomic provisions, [it] would have so provided. The Court is constrained to hold that the intent of the Michigan Legislature was not to grant such retroactivity. [*Local 1917, Metro Council, supra* at 463.]

However, the Legislature amended MCL 423.240, effective January 3, 1978. The statute now provides, in relevant part:

> *Increases in rates of compensation or other benefits* may be awarded retroactively to the commencement of any period(s) in dispute, any other statute or charter provisions to the contrary notwithstanding. [Emphasis added.]

Because the Court in *Local 1917, Metro Council* addressed a different version of MCL 423.240 than is applicable to the present case, the Court's holding in *Metro Council* is not determinative of the issue whether an Act 312 arbitration panel may award noneconomic benefits retroactively.[1]

Rather, to determine whether an Act 312 arbitration panel may award noneconomic benefits retroactively, we must interpret the current version of MCL 423.240. This Court's primary goal in interpreting a statute is to ascertain and give effect to the intent of the Legislature. *Karpinski v St John Hosp-Macomb Ctr Corp*, 238 Mich App 539, 542-543; 606 NW2d 45 (1999). The first criterion in determining the Legislature's intent is the specific language of the statute. *Walters v Leech*, 279 Mich App 707, 709; 761 NW2d 143 (2008). If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and the statute must be enforced as written. *Id.* "[A] court may read

---

[1] We reject the County's argument that, because the Court decided *Local 1917, Metro Council* ten months after the amendment of MCL 423.240 took effect, the Court must have known that the statute had been amended to include the phrase "other benefits," which explains why the Court spoke of economic and noneconomic benefits when the 1969 version of the statute did not contain the word "benefits." The County's claim regarding why the Court in *Local 1917, Metro Council* used certain language in its analysis is pure speculation. The Court interpreted the 1969 version of MCL 423.240, and nothing in its analysis suggests that its interpretation was influenced by the amended version of the statute.

nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). It is appropriate to consult a dictionary for terms that are not defined in the statute. *Robinson v Ford Motor Co*, 277 Mich App 146, 152; 744 NW2d 363 (2007).

Before the Legislature amended MCL 423.240, an Act 312 arbitration panel was only authorized to award "[i]ncreases in rates of compensation" retroactively. Following the amendment of MCL 423.240, an arbitration panel may award "[i]ncreases in rates of compensation or other benefits" retroactively. "[C]hanges in statutory language are generally presumed to reflect a change in meaning." *Karpinski, supra* at 545. However, such changes can also demonstrate an attempt to clarify the meaning of a provision rather than change it. *Ewing v Detroit*, 237 Mich App 696, 703; 604 NW2d 787 (1999).

Construing MCL 423.240 "liberally," as Act 312 mandates in MCL 423.231, we conclude that the Legislature, when amending MCL 423.240, intended to change the scope of the employment benefits that an Act 312 arbitration panel may award retroactively. "The word 'or' generally refers to a choice or alternative between two or more things." *Auto-Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 50; 575 NW2d 79 (1997). In addition, the word "other" is defined as "additional or further"; "different from the one mentioned"; and "different in nature or kind." *Random House Webster's College Dictionary* (1992). The word "benefit" is defined, in relevant part, as "something that is advantageous or good; an advantage." *Id.* By inserting the phrase "or other benefits" into MCL 423.240, the Legislature expanded the authority of Act 312 arbitration panels to allow them to retroactively award additional

benefits that are "different in nature and kind" from increased compensation rates. Accordingly, pursuant to the clear and unambiguous language of MCL 423.240, an Act 312 arbitration panel is not limited to awarding increased compensation rates, or even just economic benefits, retroactively. The statute, in referring to "other benefits," makes no distinction between economic and noneconomic benefits. To limit the phrase "[i]ncreases in rates of compensation or other benefits" to include only economic benefits, as urged by the County, would be to read into the statute a limitation that is not contained in the statute's unambiguous language. We are prohibited from reading such a limitation into the statute. *Roberts, supra.*[2] Thus, because the Legislature has authorized an Act 312 arbitration panel to award "other benefits" retroactively, an arbitration panel may award noneconomic benefits retroactively.

The right to arbitrate grievances is clearly a benefit to the detectives and deputies represented by POAM. Grievance arbitration is "something that is advantageous or good" to them. It provides them an efficient and cost-effective method, presided over by those knowledgeable in the law and subject matter, to resolve their disputes with the County. Indeed, the County does not dispute that the right to grievance arbitration is a benefit to its detectives and deputies. Therefore, because the right to grievance arbitration is a benefit and the Legislature has provided Act 312 arbitration panels the authority to award noneconomic benefits retroactively, the arbitration panel was not without authority to award POAM the right to grievance arbitration retroactively.

---

[2] Further, because the language of MCL 423.240 is unambiguous, we are required to decline the County's request to examine the legislative history of the statute's amendment. See *Briggs v Oakland Co*, 276 Mich App 369, 374; 742 NW2d 136 (2007).

IV

Finally, the County argues that, even if the arbitration panel had the authority to award the right to grievance arbitration retroactively, the arbitration panel's award of retroactive grievance arbitration was not supported by substantial evidence on the record. First, the County claims that the arbitration panel's finding that the issue of retroactive grievance arbitration was an issue in dispute during the collective bargaining negotiations was not supported by substantial evidence. Second, the County claims that the arbitration panel's reasoning for adopting POAM's retroactive grievance arbitration proposal is not supported by substantial evidence. We disagree with both of the County's assertions.

The arbitration panel's finding that retroactive grievance arbitration was an issue in dispute during the collective bargaining negotiations is supported by substantial evidence on the record. James DeVries, POAM's business agent, testified that he made it "very clear" and "articulate[d]" to the County that the phrase "wages and benefits" contained in POAM's proposal to continue the parties' collective bargaining agreement for one year was "inclusive of the retroactivity for any grievances that occurred after the expiration of the contract." DeVries further testified that POAM's two final proposals regarding duration of the contract and retroactive grievance arbitration encompassed the discussions that he had with Richard Schurkamp, the County's chief negotiator, and that the County had rejected POAM's duration proposal. DeVries's testimony, along with the fact that the parties were engaged in a separate lawsuit involving the issue of retroactive grievance arbitration,[3] is evidence that reasonable

---

[3] The other litigation involving the parties and the issue of retroactive grievance arbitration was also brought before this Court. See *Police Officers Ass'n of Michigan, supra.*

minds would accept as adequate to support the arbitration panel's finding that retroactive grievance arbitration was an issue in dispute during the collective bargaining negotiations. *Becker-Witt, supra.*

In addition, the arbitration panel's reasoning for adopting the retroactive grievance arbitration proposal is supported by sufficient evidence on the record. In adopting the proposal, the arbitration panel concluded:

> [I]t is noted that it seems apparent that the interests and welfare of the public would be better served by utilizing arbitration as a last step of the grievance procedure rather than parties resorting to litigation. Generally, although not always, arbitration is faster, less expensive and conducted by individuals who are especially knowledgeable in employment management affairs. Additionally, morale in the unit could possibly suffer and thus affect the public if members of the unit were treated as "at will" employees or forced to sue in order to realize rights preserved by statute.

This statement by the arbitration panel comports with Michigan's public policy favoring arbitration. See MCL 423.231; *Jozwiak v Northern Michigan Hosps, Inc*, 207 Mich App 161, 165; 524 NW2d 250 (1994).

Further, the arbitration panel's finding that other employers have not taken the County's position, which essentially refuses postagreement grievance arbitration, is supported by the testimony of DeVries. DeVries testified that POAM represents approximately 400 bargaining units throughout the state and that he represents approximately 60 of those units. He testified that none of the employers of those 60 units, other than the County, refuses to proceed to grievance arbitration. While the County asserts that DeVries "had no personal knowledge of the position of other comparable counties on this issue" and that it introduced the contracts from "three comparable counties to examine their contrac-

tual provision," we "may not reassess the wisdom of the arbitration panel or engage in a review de novo." *Detroit Fire Fighters Ass'n, supra* at 551. The arbitration panel's decision to adopt POAM's proposal regarding retroactive grievance arbitration is supported by evidence that reasonable minds would accept as adequate to support the decision. *Becker-Witt, supra.*

Affirmed.