# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN CHARITABLE GAMING
ASSOCIATION, AIM HIGH PROCEEDS LLC,
ALL 4 PLAY LLC, RIVER LOUNGE,
MICHIGAN JAYCEES, KIWANIS CLUB OF
HASTINGS, VETERANS OF FOREIGN WARS
OF THE UNITED STATES POST #702, SOUTH
LYON POST 338 AMERICAN LEGION,
ALLENDALE LIONS CLUB, MICHIGAN PUG
RESCUE, GRANT ATHLETIC BOOSTERS
CLUB, AMERICAN GI FORUM DETROIT,
TEAM DIAMOND BMX, GOLDEN
RETRIEVER RESCUE OF MICHIGAN, and A-1
BINGO SUPPLIES & GAMES,

FOR PUBLICATION
May 28, 2015

Plaintiffs-Appellees,

v

No. 323410
Court of Claims
LC No. 14-000112-MZ

STATE OF MICHIGAN, GAMING CONTROL
BOARD, and GAMING CONTROL
BOARD/EXECUTIVE DIRECTOR,

Defendants-Appellants.

Before: JANSEN, P.J., and METER and BECKERING, JJ.

METER, J. (*dissenting*).

Because I conclude that the Legislature did not intend to allow for a rule to be submitted to the Joint Committee on Administrative Rules (JCAR), withdrawn, altered, and then resubmitted without its having gone again through the rulemaking process, I respectfully dissent.

MCL 24.245a(7) states:

An agency may withdraw a proposed rule under the following conditions:

(a) With permission of the committee chair and alternate chair, the agency may withdraw the rule and resubmit it. If permission to withdraw is granted, the 15-session-day time period described in subsection (1) is tolled until the rule is

-1-

resubmitted, except that the committee shall have at least 6 session days after resubmission to consider the resubmitted rule.

> (b) Without permission of the committee chair and alternate chair, the agency may withdraw the rule and resubmit it. If permission to withdraw is not granted, a new and untolled 15-session-day time period described in subsection (1) shall begin upon resubmission of the rule to the committee for consideration.

In interpreting this statute, I find two considerations of particular importance. First, the syntax employed by the Legislature lends itself to the conclusion that the Legislature did not intend for an altered rule to be resubmitted. The statute states that "the agency may withdraw *the rule* and resubmit *it*" (emphasis added). As noted in *Bush v Shabahang*, 484 Mich 156, 166-167; 772 NW2d 272 (2009), "[i]n determining the intent of the Legislature, this Court must first look to the language of the statute." "The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended." *Id*. at 167 (citations and quotation marks omitted). The word "it" in MCL 24.245a(7) seems, logically and in a grammatical sense, to refer to "the rule" that had previously been submitted.

Nevertheless, even if it could be said that the word "it," when read in the context of the entire statutory scheme, has an ambiguity and could possibly refer to an altered version of "the rule," the legislative history clearly leads to the conclusion that "it" refers to an unaltered version of the rule. In my opinion, the majority places far too little importance on the amendment of the Administrative Procedures Act, MCL 24.201 *et seq*., by 1999 PA 262. The amendment eliminated former MCL 24.245(11), which stated:

> An agency may withdraw a proposed rule by leave of the committee. *An agency may resubmit a rule so withdrawn or returned under subsection (9) with changes following a committee meeting on the proposed rule or with minor modifications*. A resubmitted rule is a new filing and subject to this section, but is not subject to further notice and hearing as provided in sections 41 and 42. [1993 PA 141 (emphasis added).]

This former statute clearly shows that when the Legislature intended to allow an altered rule to be withdrawn and resubmitted *with changes*, it included language making this intent clear. The Legislature's conscious choice, when enacting MCL 24.245a(7),[1] to eliminate the language "with changes following a committee meeting on the proposed rule or with minor modifications" must not be disregarded. Indeed, "[a] change in the statutory language is presumed to reflect a change in the meaning of the statute." *Edgewood Dev, Inc v Landskroener*, 262 Mich App 162, 167-168; 684 NW2d 387 (2004). The majority cites *Ottawa County v Police Officers Ass'n of Michigan*, 281 Mich App 668, 673; 760 NW2d 845 (2008), for the proposition that changes in statutory language do not always reflect an attempt to change statutory provisions. However, what *Ottawa County* states is that "such changes can . . . demonstrate an attempt to clarify the

---

[1] Although § 245a(7) has been amended since its initial enactment, the language pertinent to this appeal has remained unchanged.

meaning of a provision rather than change it." *Id*. I find no "attempt to clarify the meaning" of the resubmission scheme by virtue of 1999 PA 262; instead, I find a clear attempt to *change* the resubmission scheme by eliminating the ability to "resubmit" altered rules.

The majority also states that interpreting the statute as the Court of Claims did and as I do would leave § 245a(7) as having little meaning beyond its providing for a "stall tactic" to attempt to lobby JCAR. However, § 245a(7) gives an agency a chance to reconsider the timing of its attempt to promulgate a rule, for whatever reason the agency might have (such as, for example, the need to work on future enforcement procedures). Moreover, as aptly noted by the Court of Claims, "[t]he intended effect [of the change in the resubmission procedure] may have been to reduce JCAR's influence by eliminating its ability to demand that an agency make changes to the submitted rules with the threat of JCAR's disapproval." JCAR indeed can have *some* influence on the rulemaking procedure. See, e.g., MCL 24.242(5) ("[a]fter receipt of the notice of public hearing filed under subsection (3), the committee may meet to consider the proposed rule, take testimony, and provide the agency with the committee's informal response to the rule"). However, the current statutory scheme simply does not provide for a rule to be formally submitted to JCAR, altered, and then formally resubmitted without going through the rulemaking procedure once again. Accordingly, I conclude that, under the statutes as they currently exist, the rules in question were not properly promulgated.

In addition, I do not agree with defendants' argument that if § 245(7) is interpreted in the manner I describe, only the withdrawn, altered, and resubmitted rules should be invalidated and the remaining submitted rules should be upheld. As noted by the Court of Claims, "[t]here is no dispute that the rules were processed as a set from inception," and a single regulatory impact statement was prepared. See MCL 24.245(3). Under such circumstances, defendants' argument is untenable.

I would affirm the judgment of the Court of Claims.


/s/ Patrick M. Meter