# STATE OF MICHIGAN

# COURT OF APPEALS

---

LORI KARIOTT,

        Plaintiff-Appellant/Cross-Appellee,

v

GREGORY ROCHE, D.O., DR. GREGORY
ROCHE, D.O., PC, and BLOOMFIELD LASER
AND COSMETIC SURGERY CENTER,

        Defendants-Appellees/Cross-
        Appellants.

UNPUBLISHED
May 26, 2016

No. 326444
Oakland Circuit Court
LC No. 2014-143205-NH

---

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(7) and (C)(8). Defendants also filed a cross-appeal, arguing an alternate ground for affirmance. We affirm.

Briefly, the trial court granted summary disposition for two reasons: first, that the alleged malpractice occurred more than 6 years before the suit was commenced, contrary to the statute of repose in MCL 600.5838a(2); and second, that plaintiff's affidavit of merit was signed by a doctor who plaintiff knew was not practicing at the time of the alleged malpractice, contrary to MCL 600.2169(1)(a) and MCL 600.2912d(1). Because plaintiff does not present any argument challenging the trial court's second basis for granting summary disposition, plaintiff abandons any assertion of error on that basis and we need not even consider granting plaintiff any relief. *Woods v SLB Property Management, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228 (2008); *Derderian v Genesys Health Care Sys*, 263 Mich App 363, 381; 689 NW2d 145 (2004). It is therefore unnecessary for us to resolve the parties' dispute as to the construction of the applicable statute of repose or to address defendants' alternative ground for affirmance. We note briefly, however, that we find defendants' alternative basis for affirmance is not meritorious, and we find that even if we were to consider the propriety of the affidavit of merit, the record amply

-1-

supports the trial court's resolution of that issue.[1]  We decline to express any opinion regarding the statute of repose.

 Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

---

[1] We appreciate that the trial court's order indicates "for the reasons stated on the record" and, in contrast to its dismissal on the basis of the statute of repose, the written order does not explicitly reference the affidavit of merit.  However, we find that in context, its reference to "the reasons stated on the record" includes the trial court's discussion at the motion hearing regarding the affidavit of merit and its explicit findings that the affidavit of merit was noncompliant, that plaintiff could not have reasonably believed it to be compliant, and that amendment would be improper.