MICHIGAN STATE EMPLOYEES ASSOCIATION v CIVIL SERVICE
COMMISSION

Docket No. 177777. Submitted May 7, 1996, at Lansing. Decided November
22, 1996, at 9:25 A.M.

The Michigan State Employees Association brought an action in the
Ingham Circuit Court against the Michigan Civil Service Commis-
sion and others, seeking a declaration that the commission, in rati-
fying the renegotiated wage provisions of a collective bargaining
agreement between the MSEA and the Office of the State Employer,
exceeded its authority in modifying certain nonwage-related provi-
sions of the collective bargaining agreement. The collective bar-
gaining agreement previously was ratified by the commission.
Wages were renegotiated pursuant to a wage reopener clause in the
collective bargaining agreement. The court, William E. Collette, J.,
granted summary disposition for the MSEA. The defendant appealed.

The Court of Appeals held:

1. Civil Service Commission Rule 6-9.5 provides that the commis-
sion will review and ratify or modify negotiated agreements upon
publication of the agreements. The trial court correctly determined
that the commission lacked authority under Rule 6-9.5 to modify
nonwage-related provisions of the collective bargaining agreement
at issue because the renegotiation of wages pursuant to the wage
reopener clause did not involve negotiation of the entire agreement
and because the entire agreement, following the renegotiation of
wages, was not published.

2. The Civil Service Commission lacks authority to modify a pre-
viously ratified and unexpired collective bargaining agreement.

Affirmed.

CIVIL SERVICE — CIVIL SERVICE COMMISSION — COLLECTIVE BARGAINING
AGREEMENTS.

The Civil Service Commission reviews and ratifies or modifies negoti-
ated collective bargaining agreements covering those in the civil
service upon publication of the agreements; where wages are rene-
gotiated pursuant to a wage reopener clause of a ratified collective
bargaining agreement, the commission may review and ratify or
modify wage-related provisions of the agreement but may not

review and ratify or modify provisions not related to wages (Civil Service Commission Rule 6-9.5).

*Fraser Trebilcock Davis & Foster, P.C.* (by *Brandon W. Zuk*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Todd H. Cohan,* Assistant Attorney General, for the defendants.

Before: HOLBROOK, JR., P.J., and SAAD and W. J. GIOVAN,* JJ.

PER CURIAM. Plaintiff brought this declaratory judgment action after defendant Civil Service Commission modified a collective bargaining agreement that had been negotiated between plaintiff and the Office of the State Employer. On cross motions for summary disposition, the circuit court granted plaintiff's motion pursuant to MCR 2.116(C)(9) and (10). Defendants appeal as of right, and we affirm.

Plaintiff and the Office of the State Employer (OSE) negotiated a tentative collective bargaining agreement, effective January 13, 1992, through December 31, 1994. The tentative agreement was published and submitted to the Civil Service Commission, which ratified the agreement. In late 1992, plaintiff and the OSE reopened negotiations pursuant to a "wage reopener clause" in Article 53 of the agreement. Article 53 provided, in pertinent part:

This Agreement shall be effective as of January 13, 1992, and shall continue in full force and effect until midnight, December 31, 1994, and thereafter from year to year unless either party gives written notice to the other of its intention

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to amend or terminate this Agreement by April 1st of the final year of this Agreement. Article 43, Section A, Wages for Fiscal Year 93-94 shall be subject to negotiations during 1992 by either party giving written notice of its intent to bargain such provisions by April 1st, 1992.

The newly negotiated tentative agreement included a wage provision in Article 43 for fiscal years 1993-94, 1994-95, 1995-96, and 1996-97, an extension of the contract until December 31, 1995, and incorporated the remaining provisions of the primary agreement by reference. The tentative agreement was published and submitted to the commission for review in accordance with Civil Service Commission Rule 6-9.5, which provides, in pertinent part:

> It is the policy of the Civil Service Commission to encourage agreement between the parties in the contract negotiations. Upon publication the commission will *review and ratify or modify* negotiated agreements . . . in accordance with the [certain enumerated] criteria[.] [Emphasis added.]

At its January 26, 1993, meeting, the commission ratified the newly negotiated wage agreement after adding a four-paragraph modification that did not directly affect the wage provision. At the commission's July 31, 1993, meeting, plaintiff objected to the modification, but the commission refused plaintiff's request to rescind it. Plaintiff then brought this declaratory judgment action, arguing among other things that defendant commission had violated its own rules and consequently had exceeded its authority under the state constitution.

Pursuant to Const 1963, art 11, § 5, the Civil Service Commission has plenary authority to regulate the conditions of employment for classified state employ-

ees. See *Viculin v Dep't of Civil Service*, 386 Mich 375, 398; 192 NW2d 449 (1971). This plenary authority is evidenced in Rule 6-9.5, which provides for review and ratification or modification of negotiated agreements. See *James v Dep't of Mental Health*, 145 Mich App 229, 232; 377 NW2d 824 (1985).

In this case, the circuit court granted plaintiff's motion for summary disposition, holding as follows:

> The Court is of the opinion that Defendants violated the Commission rules. Commission Rule 6-9.5 allows for the Commission to review and ratify or modify negotiated agreements upon their publication. The entire Collective Bargaining Agreement was not negotiated, nor was it published. Only the wage and compensation issues pursuant to the wage reopener clause and the one-year extension of the existing contract were negotiated. Furthermore, although Defendants claim the entire agreement was published by incorporation, in this Court's opinion, that does not constitute actual publication. Therefore, because the entire agreement was not negotiated or published, Defendants violated Rule 6-9.5, which allows the Commission to review and ratify or modify agreements only when they are negotiated and published.
>
> Moreover, the Court agrees with Plaintiff that the Commission's actions also violate the entire collective bargaining scheme set forth in the rules, which provide for the parties to enter into negotiated, binding contracts.

We find no error in the circuit court's analysis with respect to fact or law. We would add, however, that notwithstanding its broad constitutional authority, the commission cannot modify a previously ratified and unexpired contract. To hold otherwise would undermine the collective bargaining process and would run contrary to well-established principles of contract law. Here, while the agreement reached pursuant to

the wage reopener clause of the original agreement was subject to review and ratification or modification, the other nonnegotiated provisions were not subject to modification because they continued to be "in full force and effect until midnight, December 31, 1994," in accordance with Article 53 of the primary agreement.[1] Accordingly, because the modification made by the commission at its January 26, 1993,

---

[1] The record is somewhat confusing in this regard. The tentative agreement of over forty pages submitted to the commission included, in addition to the renegotiated Article 43 wage provision, certain "letters of understanding" that pertained to Article 7, Section D (Administrative Leave Bank), Article 8 (Grievance Procedure), and Article 11 (Seniority). Pursuant to the first sentence of Article 53, the primary agreement was to "continue in full force and effect until midnight, December 31, 1994, and thereafter from year to year unless either party gives written notice to the other of its intention to amend or terminate this Agreement. . . ." The record does not indicate that either party gave written notice to the other of its intention to *amend or terminate* the agreement. Instead, both parties seem to agree that negotiations were reopened only pursuant to the wage reopener clause found in the second sentence of Article 53, but defendants argue that the result was to reopen the entire agreement for review and ratification or modification by the commission.

Indeed, ¶ 11 of plaintiff's complaint alleged:

> Pursuant to the above-referenced wage reopener clause, MSEA and the State of Michigan negotiated and reached a new wage agreement for fiscal year 1993-94. *No other portion of the Collective Bargaining Agreement was renegotiated or altered by MSEA and the State of Michigan.* [Emphasis added.]

In their answer, defendants admitted the allegations in ¶ 11. Similar representations were made by plaintiff's counsel at the hearing on the motion for summary disposition and in the subsequent affidavits of John Denniston, plaintiff's president and chief negotiator. At the hearing, defense counsel posited an apparent change of position regarding this issue in the following colloquy with the court:

> *The Court:* Is it your position that more than just wages were open for discussion with that reopener?
> *Mr. Cohan [Defense Counsel]:* That is—that is our—that is, in fact, our position, your Honor.

*       *       *

meeting was not confined to the renegotiated wage provision of the original agreement, it is void and severable from the otherwise ratified provisions of the agreement.

Because plaintiff has not filed a cross appeal, the remaining arguments raised in its appellate brief are not properly before this Court for review. See *Barnell v Taubman Co, Inc*, 203 Mich App 110, 123; 512 NW2d 13 (1993).

Affirmed.

---

*The Court:* Usually, as I understand labor law and the classes I had and the few cases I was involved in where there's a wage reopener in the contract—I mean, parties are always welcome to renegotiate things that they mutually agree upon. But, where in their bargaining agreement they state, this is our contract and we will only reopen wages, they won't reopen other aspects of that agreement without the mutual consent of both sides, is how I understand it. Now, wasn't this just a wage reopener?

*Mr. Cohan:* Well, I believed it was a wage reopener. I have not—I don't know what the specific clause says, but, I guess it would be—it is our position that, again, the Civil Service rule does not limit the Commission's modification of a collective bargaining agreement to a particular subject which reopened the agreement to review by the Commission. In other words, if it's brought to the Commission for a wage reopener or for whatever other subject, then the Commission has the authority under [Rule] 6-9.5 to review the other aspects of the agreement.

There is nothing in rule 6-9.5 that prohibits the Commission from doing that.

In an affidavit submitted to the court by defendants, Dennis Skog, an administrative assistant to the state personnel director, averred that, because "a complete and entire collective bargaining agreement" was submitted to the commission for review, all wage and nonwage provisions had been subject to renegotiation.

Having reviewed this somewhat confusing record, we conclude that the parties have agreed in principle that only Article 43 wages were *actually* renegotiated and that neither party considered the letters of understanding relating to other articles to be of significance in this matter.