# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 20, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

130564

SEAN WERDLOW, CHIEF FINANCIAL
OFFICER/FINANCE DIRECTOR; ROGER
SHORT, BUDGET DIRECTOR; RUTH
CARTER, CORPORATION COUNSEL;
ROGER CHEEK, MAYOR'S DESIGNATED
REPRESENTATIVE; and CITY OF DETROIT,
            Plaintiffs-Appellants,

v

CITY OF DETROIT POLICEMEN AND
FIREMEN RETIREMENT SYSTEM BOARD
OF TRUSTEES, DETROIT FIRE FIGHTERS
ASSOCIATION LOCAL 344, I.A.F.F., and
DETROIT POLICE COMMAND OFFICERS
ASSOCIATION,
            Defendants-Appellees.

SC: 130564
COA: 254516
Wayne CC: 03-333681-CL

_____/

On order of the Court, the application for leave to appeal the January 12, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE in part the Court of Appeals judgment and we REMAND this case to the Wayne Circuit Court for entry of an order granting summary disposition to defendants. The Court of Appeals correctly held that the circuit court lacked jurisdiction to grant the relief requested by plaintiffs. Section 10 of 1969 Mich Pub Acts 312 (Act 312), MCL 423.240, provides that arbitration awards are final and binding on the parties to the arbitration. Here, the defendant unions were not parties to the arbitration imposing the 12-member Board of Trustees. Further, the Court of Appeals correctly held that the circuit court lacked jurisdiction to interpret the provisions of the collective bargaining agreements between the parties because such review falls outside the scope of review by the circuit court under Section 12 of Act 312, MCL 423.242. Defendants' motion for summary disposition should have been granted on these limited grounds.

Section III of the Court of Appeals judgment is VACATED because constitutional issues should be avoided where a case can be resolved adequately on non-constitutional grounds. *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 632 (2004). The portion of the Court of Appeals judgment purporting to interpret the collective bargaining agreements between the parties is VACATED because, as noted above, such review falls outside the scope of review under Section 12 of Act 312, MCL 423.242. The portion of the judgment remanding for clarification is VACATED as moot because, on remand, the trial court shall enter an order granting defendants' motion for summary disposition on the limited grounds identified in this order. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.

CORRIGAN, J., concurs and states as follows:

I concur in the Court's order. I write separately to urge the circuit court to review its docket and consolidate any cases between the city of Detroit and the pension board for the members of the Detroit Fire Fighters Association Local 344, IAFF (DFFA), the Detroit Police Command Officers Association (DPCOA), the Detroit Police Officers Association (DPOA), and the Detroit Police Lieutenants and Sergeants Association (DPLSA). The trial court should consider such cases together, so it can make a definitive ruling regarding the composition of the pension board as it applies to all four unions. Consolidation of such cases would promote consistency and judicial efficiency.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 20, 2006

d1017

*Corbin R. Davis*

Clerk