# STATE OF MICHIGAN

# COURT OF APPEALS

COUNTY OF INGHAM and INGHAM COUNTY
SHERIFF,

        Plaintiffs-Appellants,

v

MICHIGAN ASSOCIATION OF POLICE,

        Defendant-Appellee.

UNPUBLISHED
April 19, 2016

No. 325633
Ingham Circuit Court
LC No. 14-001344-CL

Before: TALBOT, C.J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM.

In this labor dispute involving a collective bargaining agreement, defendant Michigan Association of Police ("the Association") demanded arbitration of a grievance relating to retroactive application of a pay increase awarded during previous arbitration proceedings involving a "wage reopener." Thereafter, plaintiffs County of Ingham and the Ingham County Sheriff ("the County") filed a complaint in Ingham Circuit Court, seeking to enjoin the pending arbitration and to have the matter resolved by the circuit court. The circuit court denied the County's request for injunctive relief and dismissed the County's complaint. The County now appeals as of right. Because the dispute involves a question of contract interpretation properly submitted to an arbitrator rather than a demand for the enforcement of an arbitration award, the circuit court properly dismissed the County's complaint and we affirm.

The Association is the bargaining representative for police officers and police detectives employed by the County. The police employees in question are subject to the mandatory bargaining requirements set forth in 1969 PA 312 (Act 312). Relevant to the present dispute, the parties reached a collective bargaining agreement (CBA), which was in force from January 1, 2012 until December 31, 2014. Article 20 of the CBA provides a detailed pay schedule, itemizing pay rates for detectives and police officers for each year depending upon an employee's step level. Specific salaries are provided for 2012 and 2013, effective January 1, 2012 and January 1, 2013 respectively. In contrast, no specific salary information is provided for 2014; rather, under the terms of the agreement, the parties agreed to a "wage reopener" effective January 1, 2014.

On July 16, 2014, the Association submitted a formal request for a wage reopener, and the parties entered into negotiations for a wage increase. However, they were unable to reach an

agreement, and the matter proceeded to arbitration under Act 312. On August 1, 2014, the arbitrator issued an award in favor of the Association in the amount of a 2½ percent increase, which had been the Association's "last best offer" during negotiations with the County. The arbitrator did not specify whether the wage increase should have retroactive effect for all of 2014. Instead, the arbitrator somewhat opaquely described the award as "a modest increase in wages in 2014 or whatever part of that year is left open to an award of it." Elsewhere, the arbitrator stated that the award should "be paid as provided by law."

Following the arbitrator's decision, the County increased the employees' wages going forward, effective in August of 2014. However, the County did not retroactively increase the employees' pay so as to be effective January 1, 2014. The County maintained that retroactive application of the wage increase is prohibited by MCL 423.215b(2), which states, in pertinent part, that "the parties to a collective bargaining agreement shall not agree to, and an arbitration panel shall not order, any retroactive wage or benefit levels or amounts that are greater than those in effect on the expiration date of the collective bargaining agreement."[1]

On September 5, 2013, after it became clear that the wage increase would not be applied retroactively, the Association initiated grievance procedures under article 15 of the CBA. Under article 15, a grievance is defined "as a reasonably and sensibly founded claim of a violation of any of the terms of [the CBA]." In this case, the Association maintained, in essence, that the County's refusal to retroactively apply the pay increase violated article 20 of the CBA because, under article 20, the agreed upon "wage reopener" was "effective 1/1/14." The Association also asserted in its grievance that the County's refusal to retroactively apply the increase based on MCL 423.215b(2) was "a misinterpretation and misapplication" of this statutory provision.

The County denied the grievance, claiming that the Association had not submitted a valid grievance because the filed complaint did not meet the definition of a grievance under article 15, the Association failed to specify a violation of a contract provision, and the issue required application of MCL 423.215b(2), which was a question of statutory interpretation outside the arbitrator's authority. Thereafter, adhering to the grievance procedures set forth in the CBA, the Association submitted a demand for arbitration, seeking to have the pay raise applied retroactively.

As a result, the County then filed suit in Ingham Circuit Court, seeking to enjoin the pending arbitration and to have the retroactivity question resolved by the circuit court. According to the County, the arbitrator lacks jurisdiction to interpret a statutory provision or to

---

[1] MCL 423.215b(2) was enacted by 2011 PA 54. More recent statutory amendments have exempted Act 312 proceedings from the prohibition on retroactive wages greater than those in effect on the expiration date of the CBA. See 2014 PA 322. In particular, under the current law, MCL 423.215b(2) "does not prohibit retroactive application of a wage or benefit increase if the increase is awarded in the decision of the arbitration panel under 1969 PA 312, MCL 423.231 to 423.247, or included in a negotiated bargaining agreement." MCL 423.215b(4)(c). Substantively, the parties debate the applicability of 2011 PA 54 as well as the retroactive applicability of the exception set forth by 2014 PA 322. We do not resolve these questions.

order retroactive application of an Act 312 award. Instead, relying on MCL 423.240 and MCL 423.242, the County maintained that the circuit court had exclusive jurisdiction to enforce and review an Act 312 award. In contrast, the Association maintained that its grievance was not a request for a review of the arbitrator's Act 312 award subject to the circuit court's jurisdiction. Rather, according to the Association, the matter was a grievance involving a violation of the parties' CBA, properly submitted for arbitration under the terms of the CBA.

The circuit court ruled in favor of the Association, concluding that the retroactivity issue was a grievance involving interpretation of the CBA and not a request for enforcement of an Act 312 award. In this regard, the circuit court emphasized that the arbitrator who awarded the wage increase never expressly decided the retroactivity question. Instead, the arbitrator simply awarded a 2½ percent wage increase, and this wage increase effectively became part of the parties' salary schedule under the CBA, such that the question of retroactivity was dictated by the terms of the CBA and, in particular, article 20. In these circumstances, the court reasoned that the dispute was a grievance involving the County's purported violation of article 20 and not a request for review of an Act 312 award. For these reasons, the circuit court denied the County's request for an injunction and dismissed the County's complaint. The County now appeals as of right.

On appeal, the County reiterates its arguments from the circuit court. In particular, the County contends that under MCL 423.240 and MCL 423.242, the circuit court has exclusive jurisdiction to review and enforce an Act 312 award, meaning that the Association's grievance is not subject to arbitration because it requires interpretation and application of the arbitrator's award rather than the CBA. The County also emphasizes that the Association's complaint requires interpretation and application of MCL 423.215b(2), which is likewise not a question of contract interpretation involving the CBA. Given the assertion that the arbitrator lacked authority to resolve the question presented, the County ultimately contends that the circuit court abused its discretion by denying the County's request for injunctive relief.

"[I]n a suit to compel or enjoin arbitration, a court's inquiry is limited to the question of arbitrability." *Ottawa Co v Jaklinski*, 423 Mich 1, 25; 377 NW2d 668 (1985). "Whether a dispute is arbitrable represents a question of law for the courts that we review de novo." *Madison Dist Pub Sch v Myers*, 247 Mich App 583, 594; 637 NW2d 526 (2001). To the extent that resolution of this arbitrability question involves issues of statutory interpretation or contract interpretation, our review is de novo. *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 172; 848 NW2d 95 (2014). However, "[a] trial court's decision to grant or deny injunctive relief is reviewed for an abuse of discretion." *Janet Travis, Inc v Preka Holdings, LLC*, 306 Mich App 266, 274; 856 NW2d 206 (2014).

In the context of labor disputes, the term "grievance" arbitration refers to "arbitration of disputes arising under an existing collective bargaining agreement."[2] *Ottawa Co*, 423 Mich at

---

[2] In comparison, "interest" arbitration refers to "arbitration of the terms to be included in a new collective bargaining agreement after the parties have negotiated to impasse." *Ottawa Co*, 423 Mich at 14. While interest arbitration is subject to arbitration under Act 312, "the compulsory

-3-

14. "The duty to arbitrate grievances arises from a contractual agreement between an employer and its employees." *Id.* at 22. In other words, grievance arbitration is "a matter of contract," and a "party cannot be required to arbitrate an issue which he has not agreed to submit to arbitration." *Kaleva-Norman-Dickson Sch Dist No 6 v Kaleva-Norman-Dickson Sch Teachers' Ass'n*, 393 Mich 583, 587; 227 NW2d 500 (1975).

> A three-part test applies for ascertaining the arbitrability of a particular issue: 1) is there an arbitration agreement in a contract between the parties; 2) is the disputed issue on its face or arguably within the contract's arbitration clause; and 3) is the dispute expressly exempted from arbitration by the terms of the contract. [*In re Nestorovski Estate*, 283 Mich App 177, 202; 769 NW2d 720 (2009) (quotation marks and citation omitted).]

Any conflict in this regard should be resolved in favor of arbitration. *Fromm v Meemic Ins Co*, 264 Mich App 302, 306; 690 NW2d 528 (2004). "However, a court should not interpret a contract's language beyond determining whether arbitration applies." *Id.* Whether the complaining party is ultimately right or wrong is a question of contract interpretation for the arbitrator. *Kaleva-Norman-Dickson Sch Dist No 6*, 393 Mich at 591 (citation omitted).

In this case, article 15 of the parties' CBA expressly provides for grievance procedures culminating in arbitration that is "final and binding upon all parties." The grievance provision specifies that a "grievance" refers to "a reasonably and sensibly founded claim of a violation of any of the terms of [the CBA]." To be properly initiated, a grievance "shall refer to the specific provision alleged to have been violated and it shall adequately set forth the facts pertaining to the alleged violation." Consistent with these requirements, the Association initiated the underlying grievance procedure by claiming a violation of article 20. In particular, the Association claimed that, under the terms of the article 20, the "wage reopener" is "effective 01/01/14." In these circumstances, the Association contends that the County violated article 20 by failing to retroactively implement the wage reopener increase in pay so as to be effective January 1, 2014. Given that the Association has articulated a "reasonably and sensibly founded claim of a violation" of article 20, the Association has set forth a grievance subject to arbitration under article 15 of the CBA. Thus, the question of what it means for the "wage reopener" to be "effective 01/01/14" is a matter of contract interpretation, properly left for the arbitrator. See *Fromm*, 264 Mich App at 308.

In contrast to this conclusion, the County emphasizes that the Association's filed grievance also referenced statutory matters outside of the CBA insofar as the Association stated in its grievance that the County's refusal to retroactively apply the wage increase based on MCL 423.215b(2) was "a misinterpretation and misapplication" of this provision.[3] Notwithstanding

arbitration provided for in Act 312 is not available to individuals with grievances regarding the interpretation of an existing or expired collective bargaining agreement." *Id.* at 15. See also MCL 423.233.

[3] The circuit court engaged in statutory interpretation of MCL 423.215b(2), finding that the statute was inapplicable given that the CBA had not expired. The County contends on appeal that the circuit court should not have ruled on the applicability of MCL 423.215b(2) because the

any reference to this statutory provision, the fact remains that the Association's grievance is firmly rooted in article 20 of the CBA, thus bringing the grievance within the governance of article 15. We see nothing in article 15 that excludes an otherwise proper grievance from arbitration merely because the grievance mentions a statute or because analysis of a purported CBA violation may potentially implicate statutory provisions, and "[a]bsent an express provision excluding a particular grievance from arbitration, or the most forceful evidence of a purpose to exclude the claim, the matter should go to arbitration." *Kentwood Pub Sch v Kent Co Ed Ass'n*, 206 Mich App 161, 164-165; 520 NW2d 682 (1994). See also *Am Fedn of State v Hamtramck Hous Com'n*, 290 Mich App 672, 675; 804 NW2d 120 (2010). This seems particularly true in this case given that, to file a grievance, the CBA required the Association to "adequately set forth the facts pertaining to the alleged violation," and the County's reliance on MCL 423.215b(2) constituted a fact pertaining to the County's refusal to implement the wage increase retroactively effective January 1, 2014. Indeed, "unless otherwise expressly agreed, an arbitrator has great latitude in the sources he may rely upon in resolving disputes concerning the appropriate interpretation of specific contractual provisions," *Port Huron Area Sch Dist v Port Huron Ed Ass'n*, 426 Mich 143, 160; 393 NW2d 811 (1986), and we see no reason why this should not include consideration of a statutory provision if necessary to the interpretation and application of article 20. In short, we conclude that reference to this statutory provision does not remove the Association's complaint from the definition of a "grievance" or preclude the arbitration proceedings contracted for in the CBA.

Finally, the County argues that we should not enforce the CBA grievance arbitration provisions because to do so would interfere with the circuit court's authority to review an Act 312 award. According to the County, the focus in this case should not be on article 20 of CBA, but on the Act 312 award resolving the wage reopener and awarding the Association a 2½ percent increase. Framed in this way, the County contends that the issue in this case is not a question of contract interpretation involving a grievance under the CBA, but a matter of reviewing and enforcing an Act 312 award, such that the matter falls to the circuit court under MCL 423.240 and MCL 423.242. We disagree.

Relevant to this argument, in pertinent part, the statutory provisions at issue state:

A majority decision of the arbitration panel, if supported by competent, material, and substantial evidence on the whole record, shall be final and binding upon the parties, and may be enforced, at the insistence of either party or of the arbitration panel in the circuit court for the county in which the dispute arose or in which a majority of the affected employees reside. . . . [MCL 423.240.]

***

matter had not been raised in the pleadings or fully briefed by the parties. We agree that the circuit court need not have reached this question and should have instead merely decided the arbitrability of the dispute which could be resolved without reference to MCL 423.215b(2). See *Ottawa Co*, 423 Mich at 25.

-5-

> Orders of the arbitration panel shall be reviewable by the circuit court for the county in which the dispute arose or in which a majority of the affected employees reside, but only for reasons that the arbitration panel was without or exceeded its jurisdiction; the order is unsupported by competent, material and substantial evidence on the whole record; or the order was procured by fraud, collusion or other similar and unlawful means.  [MCL 423.242.]

Under these provisions, Act 312 arbitration decisions are subject to limited judicial review in the circuit court as set forth by statute.  See *Ottawa Co v Police Officers Ass'n of Mich*, 281 Mich App 668, 669; 760 NW2d 845 (2008); *Police Officers Ass'n Of Mich v Ottawa Co Sheriff (On Recon)*, 264 Mich App 133, 136; 694 NW2d 757 (2004).

However, in our judgment, neither MCL 423.240 nor MCL 423.242 render the circuit court's decision in this case erroneous or deprive the arbitrator of the authority to resolve the Association's grievance.  That is, nothing in a circuit court's authority to enforce or review an Act 312 award precludes the parties from agreeing to grievance arbitration of issues arising under the CBA.  See generally *Ottawa Co*, 281 Mich App at 674 (describing the right to grievance arbitration as a "benefit" that may be included in collective bargaining agreements subject to Act 312).  And, we note that, in this case, the County has fundamentally misconstrued the Association's grievance under consideration.  Quite simply, what the Association seeks is not enforcement or review of the Act 312 award, but an interpretation of article 20 under the CBA and, in particular, a decision regarding what it means for the wage reopener to be "effective 01/01/14."

While the Act 312 award determined the amount of the wage increase, the retroactivity question was *not* resolved by the Act 312 arbitrator.[4]  Consequently, the other relevant provisions of the CBA remain in full force and effect until the expiration of that agreement.  See generally *Mich State Employees Ass'n v Civil Serv Com'n*, 220 Mich App 220, 223-224; 559 NW2d 65 (1996).  And, in the absence of a clear ruling on the retroactivity question, the issue of the increase's effective date remains subject to the provisions of the CBA and outside of the circuit court's authority to review and enforce the Act 312 award.  Cf. *Werdlow v Detroit Policemen & Firemen Ret Sys Bd of Trustees*, 477 Mich 893; 722 NW2d 428 (2006) ("[T]he circuit court lacked jurisdiction to interpret the provisions of the collective bargaining agreements between the parties because such review falls outside the scope of review by the circuit court" under Act 312).  See also *Serv Employees Intern Union Local 466M v Saginaw*, 263 Mich App 656, 663; 689 NW2d 521 (2004) (concluding that a court could "enforce an arbitrator's clear and specific award," but could not "adjudicate the merits of a contingent claim").  In other words, the present dispute cannot be resolved by simple review or enforcement of the Act 312 award.  Because this is not a review of the Act 312 award, but an interpretation and application of article 20, the

---

[4] The arbitrator left the issue unresolved stating that the award was "a modest increase in wages in 2014 or whatever part of that year is left open to an award of it" and elsewhere that the award should "be paid as provided by law."

grievance is subject to arbitration under the terms of the parties' CBA. Thus, the circuit court properly denied the County's motion for injunctive relief and dismissed the case.

Affirmed.

/s/ Michael J. Talbot
/s/ Joel P. Hoekstra
/s/ Douglas B. Shapiro