BECKER-WITT v BOARD OF EXAMINERS OF SOCIAL WORKERS

Docket No. 226923. Submitted January 21, 2003, at Grand Rapids. Decided April 24, 2003, at 9:05 A.M. Leave to appeal denied, 469 Mich ___.

Mary K. Becker-Witt, a licensed social worker for the Family Independence Agency, petitioned the Manistee Circuit Court for judicial review of a decision by the Board of Examiners of Social Workers revoking the petitioner's license for committing an act of incompetence or gross negligence under the occupational code, MCL 339.604, when she failed to report a case of suspected child abuse pursuant to subsection 3(1) of the Child Protection Law, MCL 722.623(1). The court, James M. Batzer, J., reversed the board's revocation, concluding that the board had abandoned its allegations of incompetence, that the petitioner could not have committed gross negligence where she did not owe a duty to the child, and that the board was without jurisdiction to enforce sanctions for a violation of the Child Protection Law. The board appealed by leave granted, and the petitioner cross-appealed.

The Court of Appeals *held*:

1. The trial court erred in ruling that the respondent's lack of jurisdiction to enforce the Child Protection Law prevented the board from penalizing the petitioner. Where, as here, the purposed act of gross negligence or incompetence is the violation of a separate statutory scheme that is closely related to the occupation at issue, an agency is not enforcing the separate statutory scheme when it penalizes an employee for violating that statute.

2. Failing to comply with a professionally relevant statutory provision can be considered a failure to conform to a minimal standard of acceptable practice, MCL 339.104(8). Thus, the respondent could have found that the petitioner committed an act demonstrating incompetence under the occupational code, MCL 339.604(g), and the trial court erred in reversing the respondent's finding in this regard.

3. The trial court erred in ruling that the respondent could not have found the petitioner grossly negligent because she did not owe a duty to her client's child. The Child Protection Law imposed a legal duty on the petitioner, on behalf of her client's child, to report the client's suspected child abuse.

4. The evidence supported the respondent's finding that the petitioner violated the Child Protection Law by failing to report the suspected abuse, and the order of the trial court must be reversed. Reversed.

*Robert F. Kaufman* for the petitioner.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Michael A. Lockman*, Assistant Attorney General, for the respondent.

Before: Owens, P.J., and Murphy and Cavanagh, JJ.

Per Curiam. Respondent Board of Examiners of Social Workers appeals by leave granted a trial-court order reversing the board's revocation of petitioner Mary K. Becker-Witt's social worker's license. Petitioner also filed a cross-appeal. We reverse.

Subsection 3(1) of the Child Protection Law, MCL 722.623(1), provides in pertinent part that a social worker who has reasonable cause to suspect child abuse must immediately make an oral report of the suspected abuse, and then file a written report within seventy-two hours of the oral report. Here, the hearing referee found that petitioner had reasonable cause to believe that one of her clients sexually abused the client's child. The referee further found that petitioner failed to properly report the sexual abuse. The referee found that petitioner's failure to comply with the Child Protection Law constituted both gross negligence and incompetence, as defined by the Occupational Code, MCL 339.604(e) and (g). On the basis of the referee's findings, respondent revoked petitioner's license.

However, the trial court reversed the agency's decision. In support of its ruling, the trial court opined that respondent had essentially abandoned the allega-

tions of incompetence. In addition, the trial court noted that petitioner could not have been grossly negligent absent ordinary negligence. The trial court also noted that petitioner could only be negligent if she was somehow negligent in treating the client. The trial court ruled that, even if petitioner failed to comply with the Child Protection Law, petitioner did not owe a duty to her client's child. Thus, the trial court ruled that respondent failed to establish petitioner's negligence, thereby precluding a finding that she was grossly negligent. Finally, the trial court opined that respondent was without jurisdiction to enforce sanctions for a violation of the Child Protection Law where our Legislature expressly provided only civil and criminal penalties.

On appeal, respondent contends that the trial court erred in reversing respondent's administrative decision to revoke petitioner's social worker's license. Generally, an " 'administrative agency decision is reviewed by the circuit court to determine whether the decision was authorized by law and supported by competent, material, and substantial evidence on the whole record.' " *Barak v Oakland Co Drain Comm'r*, 246 Mich App 591, 597; 633 NW2d 489 (2001), quoting *Michigan Ed Ass'n Political Action Committee (MEAPAC) v Secretary of State*, 241 Mich App 432, 443-444; 616 NW2d 234 (2000). "Substantial evidence" is defined as " 'any evidence that reasonable minds would accept as adequate to support the decision; it is more than a mere scintilla of evidence but may be less than a preponderance of the evidence.' " *Barak, supra* at 597, quoting *MEAPAC, supra* at 444.

We review a trial court's review of an agency decision to determine " 'whether the lower court applied

correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings.' " *Dignan v Michigan Pub School Employees Retirement Bd*, 253 Mich 571, 575; 659 NW2d 629 (2002), quoting *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). This is essentially a "clearly erroneous" standard of review.[1] *Dignan, supra* at 575-576, citing *Boyd, supra* at 234-235.

First, respondent challenges the trial court's conclusion that respondent was without jurisdiction to enforce the Child Protection Law. Here, respondent penalized petitioner under the Occupational Code, which provides that a person is subject to penalties if the person commits either "an act of gross negligence in practicing an occupation," MCL 339.604(e), or "an act which demonstrates incompetence," MCL 339.604(g). Respondent found that petitioner's failure to comply with the Child Protection Law constituted both gross negligence and incompetence. Where, as here, the purported act of gross negligence or incompetence is the violation of a separate statutory scheme that is closely related to the occupation at issue, we do not believe that an agency is "enforcing" the separate statutory scheme. Accordingly, the trial court erred in ruling that respondent's lack of jurisdiction to enforce the Child Protection Law prevented it from penalizing petitioner.

Next, respondent contends that the trial court erred in reversing its finding that petitioner's failure to com-

---

[1] A finding is clearly erroneous where, after reviewing the entire record, we are "left with the definite and firm conviction that a mistake has been made." *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000).

ply with the Child Protection Law constituted an act demonstrating both gross negligence and incompetence.[2] The Occupational Code defines "incompetence" as "a departure from, or a failure to conform to, minimal standards of acceptable practice for the occupation," MCL 339.104(8). As noted above, the Occupational Code provides for penalties where a person commits "an act which demonstrates incompetence." MCL 339.604(g). Thus, the Occupational Code plainly provides that a single act of incompetence may lead to penalties. Here, the trial court's rulings assumed that petitioner violated subsection 3(1) of the Child Protection Law—a statutory provision that is professionally relevant to social workers. Indeed, we believe that respondent could find that failing to comply with this professionally relevant statutory provision was a failure to conform to a minimal standard of acceptable practice. Accordingly, respondent could have found that petitioner committed an act demonstrating "incompetence" under the Occupational Code.

However, the Occupational Code does not define "gross negligence." As noted above, the trial court ruled that petitioner could not have been grossly negligent because she only owed a legal duty to her client.

Indeed, our Supreme Court has ruled that there can be no gross negligence in the absence of a legal duty. *Maiden v Rozwood*, 461 Mich 109, 135; 597 NW2d 817

---

[2] Respondent contends that the trial court erred in failing to even consider whether petitioner's purported violation of the Child Protection Law constituted incompetence. As noted above, the trial court essentially ruled that respondent had abandoned this issue. We agree with respondent's contention that the record does not indicate that respondent ever abandoned this claim.

(1999). Whether a duty is owed is a question of law. *Beaudrie v Henderson*, 465 Mich 124, 130; 631 NW2d 308 (2001). In *Cipri v Bellingham Frozen Foods, Inc*, 235 Mich App 1; 596 NW2d 620 (1999), we noted that a duty of care may derive from either a statute or " 'the basic rule of the common law, which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his action as not to unreasonably endanger the person or property of others.' " *Id.* at 15, quoting *Clark v Dalman*, 379 Mich 251, 261; 150 NW2d 755 (1967). " 'Such duty of care may be a specific duty owing to the plaintiff by the defendant, or it may be a general one owed by the defendant to the public, of which the plaintiff is a part.' " *Id.*, quoting *Clark, supra* at 261.

Here, it is undisputed that petitioner owed her client a legal duty. However, we believe that the Child Protection Law also imposed a legal duty on petitioner, on behalf of her client's children, to report her client's suspected child abuse. Indeed, the purpose of the Child Protection Law is to protect abused and neglected children. See *Williams v Coleman*, 194 Mich App 606, 614-615; 488 NW2d 464 (1992). Alternatively, petitioner may have owed a duty to the public to report the suspected child abuse. *Cipri, supra* at 15. Accordingly, we believe that the trial court's interpretation of gross negligence was too narrow; as a matter of law, we are not persuaded that petitioner only owed a legal duty to her client. Consequently, the trial court erred to the extent that it ruled that respondent could not have found petitioner to be grossly negligent.

However, petitioner contends that the trial court properly reversed the revocation of her license because respondent failed to prove petitioner's gross negligence or incompetence. Indeed, it is well established that we may affirm where the trial court reaches the right result, but for the wrong reason. *People v Jory*, 443 Mich 403, 425; 505 NW2d 228 (1993). This issue requires our examination of the evidence introduced below.

As a preliminary matter, we note that petitioner challenges the referee's ruling admitting her prior testimony. Ordinarily, a trial court's decision to admit evidence is reviewed for an abuse of discretion. *People v Cain*, 238 Mich App 95, 122; 605 NW2d 28 (1999). "An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion." *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). It should be noted that a somewhat relaxed evidentiary standard applies to administrative hearings: "[T]he rules of evidence as applied in a nonjury civil case in circuit court shall be followed as far as practicable, but an agency may admit and give probative effect to evidence of a type commonly relied upon by reasonably prudent men in the conduct of their affairs." MCL 24.275.

Having reviewed petitioner's prior testimony, we believe that there is ample evidentiary support for the referee's finding that petitioner had reasonable cause to suspect that her client committed an act of abuse.[3]

---

[3] Petitioner contends that her prior testimony was inadmissible as hearsay, MRE 802. However, MRE 801(d)(2)(A) provides that a statement that would otherwise be hearsay is not considered hearsay if the statement is

Moreover, two Family Independence Agency employees testified that petitioner's client's files did not reveal any evidence that petitioner ever made an oral or written report of the possible abuse.[4] As such, we believe that there was substantial evidence supporting the referee's finding that petitioner violated the Child Protection Law. *Barak, supra* at 597. As a result, we reject petitioner's contention that there is an alternate basis for affirming the trial court's ruling.

Petitioner's remaining contentions of error were not addressed by the trial court below.[5] Consequently, we decline to address them on appeal. *Herald Co, Inc v Ann Arbor Pub Schools*, 224 Mich App 266, 278; 568 NW2d 411 (1997).

Reversed. We do not retain jurisdiction.

---

offered against a party and is the party's own statement. Here, petitioner was obviously a party. Thus, her prior statements—at trial or otherwise—were not hearsay. Accordingly, petitioner's trial testimony was admissible. Again, we need not reverse where the right result is reached, but for the wrong reason. *Jory, supra* at 425.

[4] We are not persuaded that this "negative evidence" was inadmissible pursuant to MRE 803(10). The admissibility of this evidence is further supported by the relaxed evidentiary rules that apply to administrative hearings. MCL 24.275.

[5] We also reject petitioner's contention that respondent's brief failed to comply with MCR 7.212(C)(6).