*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LEHMAN INVESTMENT COMPANY, LLC,

Petitioner-Appellant,

v

CITY OF THE VILLAGE OF CLARKSTON and
CLARKSTON HISTORICAL DISTRICT
COMMISSION,

Respondents-Appellees.

FOR PUBLICATION
August 17, 2023
9:00 a.m.

No. 361791
Oakland Circuit Court
LC No. 2021-186123-AA

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

RICK, J.

This matter involves an application submitted by petitioner, Lehman Investment Company, LLC, requesting permission to demolish a home in the historic district of the city of the Village of Clarkston (the City). Petitioner appeals by leave granted[1] an order of the Oakland Circuit Court denying appellate relief and affirming the decisions of respondent Clarkston Historical District Commission (the Commission), and the State of Michigan Historic Preservation Review Board (the Review Board), to deny petitioner's application. We affirm.

## I. FACTUAL BACKGROUND

The subject property is a vacant home and detached garage located at 42 West Washington Street in the City's historic district. The land was purchased by local business owner Ethan Hawk in 1949, and the home and garage were constructed in 1953. The historic district where the home is situated was listed on the National Register of Historical Places in 1980. It is comprised of over 100 buildings dating from approximately 1825 to 1949. This time period, when the core of the town grew to accommodate lumber mills and the processing of grain from surrounding farms, is considered a "period of significance" for historical purposes. The district includes buildings in the

---

[1] *Lehman Investment Co v City of the Village of Clarkston*, unpublished order of the Court of Appeals, entered Nov 23, 2022 (Docket No. 361791).

Greek Revival, Queen Anne, and Italianate styles. Because the buildings were constructed after 1949, which was the tail end of the district's period of significance, they are considered a "non-contributing resource," or nonhistorical, for purposes of the historic district.

Petitioner acquired the property and ultimately decided it wanted to demolish the house and the garage. Although the property is not a contributing resource to the historic district, it is nonetheless subject to the Commission's oversight because it is within the boundaries of a historic district. Thus, anyone seeking to work on the property must go through a permitting process set forth in the local historic districts act (LHDA), MCL 399.201 *et seq*. Specifically, MCL 399.205 provides, in relevant part:

> (1) A permit shall be obtained before any work affecting the exterior appearance of a resource is performed within a historic district . . . . The person . . . proposing to do that work shall file an application for a permit with the . . . commission . . . . A permit shall not be issued and proposed work shall not proceed until the commission has acted on the application by issuing a certificate of appropriateness or a notice to proceed as prescribed in this act.

> \* \* \*

> (3) In reviewing plans, the commission shall follow the United States secretary of the interior's standards for rehabilitation and guidelines for rehabilitating historic buildings, as set forth in 36 C.F.R. part 67. . . . The commission shall also consider all of the following:

> (a) The historic or architectural value and significance of the resource and its relationship to the historic value of the surrounding area.

> (b) The relationship of any architectural features of the resource to the rest of the resource and to the surrounding area.

> (c) The general compatibility of the design, arrangement, texture, and materials proposed to be used.

> (d) Other factors, such as aesthetic value, that the commission finds relevant.

> (e) Whether the applicant has certified in the application that the property where work will be undertaken has, or will have before the proposed project completion date, a fire alarm system or a smoke alarm . . . .

> \* \* \*

> (6) Work within a historic district shall be permitted through the issuance of a notice to proceed by the commission if any of the following conditions prevail and if the proposed work can be demonstrated by a finding of the commission to be necessary to substantially improve or correct any of the following conditions:

(a) The resource constitutes a hazard to the safety of the public or to the structure's occupants.

(b) The resource is a deterrent to a major improvement program that will be of substantial benefit to the community and the applicant proposing the work has obtained all necessary planning and zoning approvals, financing, and environmental clearances.

(c) Retaining the resource will cause undue financial hardship to the owner when a governmental action, an act of God, or other events beyond the owner's control created the hardship, and all feasible alternatives to eliminate the financial hardship, which may include offering the resource for sale at its fair market value or moving the resource to a vacant site within the historic district, have been attempted and exhausted by the owner.

(d) Retaining the resource is not in the interest of the majority of the community.

In June 2017, petitioner filed an application with the Commission, seeking approval to demolish the house and garage. The application listed "redevelopment" as the reason for the proposed project. The Commission held three hearings on the project in June, July, and August 2017. After much consideration, the Commission denied petitioner's request, indicating that the application did not meet the secretary of the interior's standards for issuance of a certificate of appropriateness under MCL 399.205(3) of the LHDA. The Commission issued a formal denial on August 29, 2017.

Petitioner appealed that decision to the Review Board, which assigned the matter to an administrative law judge (ALJ). The ALJ reversed the Commission's decision, finding that the Commission's reasons for denying petitioner a certificate of appropriateness, including concerns related to future use and that the property should be deemed historical, were outside its statutory authority. With respect to MCL 399.205(3), on which the Commission partly based its decision, the ALJ found:

[N]o testimony was provided at the [Commission] meetings or in this hearing on appeal to support any claim that the instant property had any relationship to the historic value of the surrounding area or that it had any independent historic value as it related to the existing architectural and historic eras described in the existing Historic District.

The ALJ thus ordered that a certificate of appropriateness be issued to petitioner.

The ALJ's ruling was then sent to the Review Board, which had the final say on whether demolition could move forward, pursuant to the Administrative Procedures Act (APA), MCL 24.201 *et seq.* The Review Board adopted the ALJ's ruling in part, but ultimately remanded because the ALJ failed to "address that a commission can also review a request for work in a historic district on a non-historic, non-contributing resource to determine whether a commission should issue a Notice to Proceed." The Review Board ordered the ALJ to examine this issue in further detail.

Another hearing was held before an ALJ, who ultimately remanded the matter to the Commission. The ALJ noted that the parties agreed that this matter involved the application of MCL 339.205(6)(d), which allows work to be permitted through the issuance of a notice to proceed if, in part, "retaining the resource is not in the interest of the majority of the community." The ALJ found that the Commission was in a "particularly unique position" to opine on the interest of the majority of the community. Consequently, the ALJ remanded the matter to the Commission for purposes of considering:

> The historic preservation issues relating to Petitioner['s] . . . August 8, 2017 Application as an application for a Notice to Proceed as provided in MCL §399.205(6)(a-d). The [Commission] shall evaluate the application and issue or deny a Notice to Proceed. The [Commission] shall make separate and specific findings and take separate votes as to each of the subparagraphs (a) through (d) of MCL §399.205(6).

The Commission held another hearing on remand. Petitioner argued that the subject buildings are not historical resources and, thus, "there's no historical interest here for the majority of the community to argue about to retain." The City responded that because the property is within the historic district, it is "fair game" for the Commission to regulate the buildings. The City further argued that petitioner bore the burden of proof to establish that the work qualified for a notice to proceed. Several members of the community, including Ethan Hawk's grandson, spoke at the hearing and opposed the home's demolition. At the close of the hearing, the Commission voted unanimously to deny petitioner a notice to proceed.

Thereafter, the Commission issued a written denial. It noted that the provisions for a notice to proceed, MCL 399.205(6)(a)-(d), were considered, and that petitioner conceded that Subsections (a), (b), and (c) did not apply. Regarding Subsection (d), the Commission recounted that each commissioner had noted petitioner's lack of proof to show "that retaining the resource is not in the interest of the majority of the community considered individually." The Commission then found:

> Therefore it is the finding of the [Commission] that Petitioner has failed to demonstrate, pursuant to MCL 399.205 (6) a, b, c, or d, that removing the resource at 42 West Washington Street is necessary to substantially improve any condition in the historic district, and that removing the resource is not in the best interest of the majority of the community.

On appeal to the Review Board, an ALJ accepted and adopted the Commission's decision, stating that the Commission "has properly denied Petitioner's request for a Certificate of Appropriateness and a Notice to Proceed." The Review Board adopted the ALJ's ruling in full. Petitioner then appealed to the Oakland Circuit Court, which also affirmed the ALJ's ruling. After reviewing the applicable statutory language, the circuit court stated:

> [T]he Court agrees with the Review Board that in terms of demolishing a "resource," [MCL 399.]205(6) applies rather than [MCL 399.]205(1) and (3). Specifically, the definition of "Notice to Proceed" is defined as "the written permission to issue a permit for work that is inappropriate and that adversely affects

a resource." The Court cannot fathom a situation where the complete demolition of a resource would not "adversely affect" it. Moreover, in doing its own research, the Court notes that Michigan caselaw specifically references MCL 399.205(6) and states, "MCL 399.205(6) permits demolition for various reasons . . ." and "the interior standards apply only to a request for a certificate of appropriateness (dealing with rehabilitating historic resources), and not to a request for a notice to proceed (dealing with demolishing buildings)." *City of Grosse Pointe Park v Detroit Historic Dist Com[m]*, [u]npublished [p]er [c]uri[a]m [o]pinion of the Court of Appeals, [issued] April 19, 2012 (Docket No. 298802). There are no published holdings on this issue, but it appears that [MCL 399.]205(6) applies specifically to demolitions, such as in this case. Therefore, the Court finds that the Review Board's decision to remand the case back to the Commission for consideration of [MCL 399.]205(6) was not arbitrary and capricious nor outside the scope of its authority. [(Footnote omitted).]

The circuit court then observed that according to petitioner, the record was sufficient to make a finding under the notice to proceed standard, and thus, the ALJ erred by remanding the matter to the Commission. The circuit court disagreed with petitioner's argument, reasoning that the Commission had not considered the specific criteria applicable to a notice to proceed at the original hearing. It concluded that petitioner had not made a "cogent argument as to why [the ALJ] should have made a decision on facts that were not yet part of the Appeal."

Finally, the circuit court rejected petitioner's contention that it met the criteria for obtaining a notice to proceed. After noting that the only applicable criterion was whether "retaining a resource is not in the interest of the majority of a community," the court found that:

> [Petitioner] did not provide any proof [on remand] that retaining the residence was not in the best interest of the community. The only evidence that is part of the record is that the residence is not a historical resource. But whether it is a historical resource is irrelevant to whether the Appellant met his burden under [MCL 399.]205(6)(d).

The circuit court concluded that the Review Board did not abuse its discretion by denying petitioner's permit for a notice to proceed. Accordingly, the court denied petitioner's appeal. Petitioner now appeals to this Court.

## II. STANDARD OF REVIEW

A circuit court's review of an administrative agency's ruling is limited to determining whether the ruling was authorized by law and supported by competent, material, and substantial evidence on the whole record. *Dignan v Mich Pub Sch Employees Retirement Bd*, 253 Mich App 571, 576; 659 NW2d 629 (2002); see also Const 1963, art 6, § 28; MCL 24.306. " 'Substantial evidence' is defined as any evidence that reasonable minds would accept as adequate to support the decision; it is more than a mere scintilla of evidence but may be less than a preponderance of the evidence." *Becker-Witt v Bd of Examiners of Social Workers*, 256 Mich App 359, 361; 663 NW2d 514 (2003) (quotation marks and citation omitted). "Courts should accord due deference

to administrative expertise and not invade administrative fact finding by displacing an agency's choice between two reasonably differing views." *Dignan*, 253 Mich App at 576.

"This Court's review of the circuit court's decision is, in turn, limited to a determination whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Mantei v Mich Pub Sch Employees Retirement Sys*, 256 Mich App 64, 71; 663 NW2d 486 (2003) (quotation marks and citation omitted). "This is essentially a 'clearly erroneous' standard of review." *Becker-Witt*, 256 Mich App at 362. Under this standard, "[a] finding is clearly erroneous when, on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Mantei*, 256 Mich App at 72 (quotation marks and citations omitted). Questions of law, including the proper interpretation of statutes, are reviewed de novo. *Ayar v Foodland Distrib*, 472 Mich 713, 715; 698 NW2d 875 (2005).

## III. ANALYSIS

### A. NOTICE TO PROCEED

Petitioner first argues that the circuit court erred by upholding the Review Board's decision requiring petitioner to proceed under the notice to proceed standard. We disagree.

According to petitioner, the statutory language of MCL 399.205 permits the Commission to issue *either* a certificate of appropriateness *or* a notice to proceed when an applicant applies for a permit to demolish a resource within a historic district. Whether petitioner's understanding of the statute is correct depends on how we interpret MCL 399.205. The first step in construing statutory language is discerning the Legislature's intent, which is the best indicator of which is the plain language used. *Grimes v Mich Dep't of Transp*, 475 Mich 72, 76; 715 NW2d 275 (2006). If the language of a statute is clear and unambiguous, then it must be applied as written. *Id*. In doing so, this Court must give effect to each word, phrase, and clause, avoiding any construction that renders any language surplusage. *Id*. at 89. Moreover, "[s]tatutes relating to the same subject matter or sharing a common purpose are *in pari materia* and must be read together" harmoniously. *Inter Coop Council v Dep't of Treasury*, 257 Mich App 219, 225; 668 NW2d 181 (2003). Further, while an agency's interpretation of statutory language is entitled to respectful consideration, it is not binding on the courts and it cannot conflict with the Legislature's intent as expressed in the plain language of the statute at issue. *Mich Basic Prop Ins Ass'n v Office of Fin & Ins Regulation*, 288 Mich App 552, 558; 808 NW2d 456 (2010).

MCL 399.205(1) provides that "[a] permit shall be obtained before any work affecting the exterior appearance of a resource is performed within a historic district[.]" Most of the key words in the statute are defined under MCL 399.201a. For example, according to MCL 399.201a(s), a "resource" includes "1 or more publicly or privately owned historic or *nonhistoric* buildings, structures, sites, objects, features, or open spaces located within a historic district." (Emphasis added). "Work," encompasses "construction, addition, alteration, repair, moving, excavation, or *demolition*." MCL 399.201a(v) (emphasis added). And a "historic district" is defined as "an area, or group of areas not necessarily having contiguous boundaries, that contains 1 *resource* or a group of resources that are related by history, architecture, archaeology, engineering, or culture."

MCL 399.205a(j). Thus, reading MCL 399.205(1) in harmony with MCL 399.201a, it is plain that a permit is required to demolish a nonhistoric resource within a historic district.

MCL 399.205(1) additionally provides, in part:

The person, individual, partnership, firm, corporation, organization, institution, or agency of government proposing to do that work shall file an application for a permit with the inspector of buildings, the commission, or other duly delegated authority. If the inspector of buildings or other authority receives the application, the application shall be immediately referred together with all required supporting materials that make the application complete to the commission. *A permit shall not be issued and proposed work shall not proceed until the commission has acted on the application by issuing a certificate of appropriateness or a notice to proceed as prescribed in this act.* [MCL 399.205(1) (emphasis added).]

At first glance, MCL 399.205(1) appears to grant the Commission discretionary authority whether to issue a certificate of appropriateness *or* a notice to proceed in response to an application requesting permission to demolish a resource within a historic district. This comports with petitioner's view of the case. Petitioner's argument, however, ignores that along with defining general terms like "work" and "resource," MCL 399.201a also specifically defines "certificate of appropriateness" and "notice to proceed." Subsection (b) of the statute defines "certificate of appropriateness" as "the written approval of a permit application for work that is appropriate and that *does not adversely affect a resource*[,]" whereas Subsection (n) defines "notice to proceed" as "the written permission to issue a permit for work that is inappropriate and that *adversely affects a resource*, pursuant to a finding under [MCL 399.205(6)]." See MCL 399.201a(b) and (n) (emphasis added). Reading MCL 399.205(1) in conjunction with these definitions, it is plain that the Commission does *not* have absolute discretion to decide whether to issue a certificate of appropriateness or a notice to proceed. Instead, whether one or the other is issued is contingent on the type of work for which the permit is sought.

Here, petitioner sought to demolish the house and garage at issue. Given the definitional differences between a certificate of appropriateness and a notice to proceed, we are of the opinion that demolishing a resource would "adversely affect" the resource. MCL 399.201a(n). However, the LHDA does not define "inappropriate," nor does it define the phrase "adversely affects a resource." When a statute does not define words or phrases, this Court may rely on dictionary definitions to ascertain their plain and ordinary meaning. *Ford Motor Co v Dep't of Treasury*, 313 Mich App 572, 584; 884 NW2d 587 (2015). "Inappropriate," means "unsuitable." *Merriam-Webster's College Dictionary* (11th ed). "Adverse," or "adversely," is defined as "acting against or in a contrary direction," or "opposed to one's interests." *Id*. "Affect" means to "produce an effect upon" something. *Id*. Thus, for work to be "inappropriate and . . . adversely affect a resource," then, means the work is unsuitable and has a harmful effect upon a resource, be it historic or nonhistoric. Complete destruction of a resource, i.e., "demolition," MCL 399.201a(e), is by definition harmful to a resource. Consequently, we conclude that under the plain language of the applicable statues, it is necessary for the Commission to issue a notice to proceed when an applicant seeks to totally demolish a resource within a historic district. Accordingly, neither the circuit court nor the Review Board erred by concluding that MCL 399.205 required petitioner to meet the requirements for issuance of a notice to proceed.

Petitioner tangentially argues that the Review Board erred by remanding for consideration under the notice to proceed standard when both the certificate of appropriateness and notice to proceed standards consider community interest. According to petitioner, because the Commission had fully vetted community interest in the certificate of appropriateness proceedings, the remand was an abuse of discretion. However, petitioner fails to explain how any language in the statute pertaining to issuance of a certificate of appropriateness, MCL 399.205(3), requires that community interest must be considered. Indeed, nowhere does that provision specifically reference community interest; instead, it directs that a commission shall "follow the United States secretary of the interior's standards for rehabilitation and guidelines for rehabilitating historic buildings, as set forth in 36 C.F.R. part 67." MCL 399.205(3). Petitioner attempts to argue that the Commission considered community interest when it applied the secretary of the interior's standards. Yet, again, petitioner fails to highlight any provision of the secretary of the interior's standards requiring consideration of community interest. Petitioner also does not provide any record citations in support of his argument. Accordingly, we consider this argument abandoned. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").[2] Ultimately, the circuit court did not clearly err by upholding the Review Board's remand order requiring petitioner to proceed under the notice to proceed standard of MCL 399.205(6).

## B. THE ALJ'S REMAND TO THE COMMISSION

Petitioner next argues that the ALJ erred by remanding the matter to the Commission for reconsideration of petitioner's application under the notice to proceed standard. We disagree.

After remand from the Review Board, the ALJ ordered supplemental briefing and held a hearing on whether the ALJ or the Commission should issue a decision on a notice to proceed. The ALJ ultimately entered an order remanding the matter to the Commission, finding it was in a "particularly unique position" to opine on the interest of the majority of the community. The order directed the Commission to evaluate the application and issue or deny a notice to proceed after making "separate and specific findings and tak[ing] separate votes as to each of the subparagraphs (a) through (d) of MCL §399.205(6)." On appeal, the circuit court concluded that the ALJ did not err by remanding the matter to the Commission because the Commission failed to consider the specific criteria applicable to a notice to proceed, and petitioner had not yet made a "cogent

---

[2] Petitioner raises several other issues, including allegations that the Review Board's remand under the notice to proceed standard was motivated by a nefarious intent to save the resource and also to ferret out petitioner's future plans for the property, and that this entire issue is unpreserved because respondents never argued below that the notice to proceed standard should have been applied. The former issue has been abandoned because petitioner failed to support it with law or citation to the record, see *Wilson*, 457 Mich at 243. The latter is equally without merit because petitioner cites no law in support of the notion that the Review Board is prohibited from ruling on a basis different than that specifically raised by the parties. Accordingly, we decline to address the merits of either issue.

argument as to why [the ALJ] should have made a decision on facts that were not yet part of the Appeal."

The ALJ and the circuit court reached the correct result here. In the initial proceedings, the Commission did not consider the statutory requirements for granting a notice to proceed. It failed to make any of the required findings under MCL 399.205(6), and moreover, petitioner's proofs were not specifically tailored toward this provision. Recall that MCL 399.205(6) provides:

Work within a historic district shall be permitted through the issuance of a notice to proceed by the commission if any of the following conditions prevail and if the proposed work can be demonstrated by a finding of the commission to be necessary to substantially improve or correct any of the following conditions:

(a) The resource constitutes a hazard to the safety of the public or to the structure's occupants.

(b) The resource is a deterrent to a major improvement program that will be of substantial benefit to the community and the applicant proposing the work has obtained all necessary planning and zoning approvals, financing, and environmental clearances.

(c) Retaining the resource will cause undue financial hardship to the owner when a governmental action, an act of God, or other events beyond the owner's control created the hardship, and all feasible alternatives to eliminate the financial hardship, which may include offering the resource for sale at its fair market value or moving the resource to a vacant site within the historic district, have been attempted and exhausted by the owner.

(d) Retaining the resource is not in the interest of the majority of the community.

Comparatively, MCL 399.205(3), pertaining to issuance of a certificate of appropriateness, directs the Commission, in part, to "follow the United States secretary of the interior's standards for rehabilitation and guidelines for rehabilitating historic buildings, as set forth in 36 C.F.R. part 67." Having reviewed the transcripts of the initial hearings and the original order denying petitioner's application, it is evident that the Commission was focused on the secretary of the interior's standards, not the criteria for determining whether to issue a notice to proceed.

In short, there was no evidence, and no findings or a decision, relative to a notice to proceed for the ALJ to either review or make his own decision. Just as remand is proper when a trial court applies an incorrect standard or when the record is insufficient to allow meaningful appellate review, remand is also appropriate here because the ALJ could not guess whether the Commission would have reached the same result under the proper standard. Cf. *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 63 (2010); *Elazier v Detroit Non-Profit Housing Corp*, 158 Mich App 247, 250; 404 NW2d 233 (1987).

On appeal, petitioner vigorously asserts that community interest in retaining the property had been "fully vetted" at the initial proceedings and thus that the ALJ's remand was improper.

But petitioner ignores the portions of the record in which evidence of community interest was proffered during the certificate of appropriateness proceedings. See MCR 7.212(C)(7). Notwithstanding that this failure constitutes abandonment of its argument, *Wilson*, 457 Mich at 243, a review of the Commission hearings offers no indication that petitioner presented evidence specific to the notice to proceed standard, including evidence of community interest. Instead, the Commission discussed its options, addressed concerns pertaining to whether the buildings could be deemed historical and how petitioner's future use of the property could affect the historic district, and ultimately voted to deny the application. In fact, there was some public testimony indicating opposition to demolition during these hearings. Given the absence of any evidence on the record relevant to the notice to proceed standard, the ALJ obviously could not make a legally supportable decision about whether to issue a notice to proceed. Moreover, petitioner has not cited any authority to support the contention that the ALJ, under factually similar circumstances, should have made this decision, as opposed to the Commission. Given petitioner's failure to cite authority, lack of citation to relevant portions of the record, and its failure to adequately explain how it would have prevailed had the ALJ not remanded the matter to the Commission, we reject in its entirety petitioner's argument that the ALJ erred by remanding the matter to the Commission.

## C. THE SUBSTANTIAL EVIDENCE STANDARD

Finally, petitioner argues that the Review Board erred in adopting the ALJ's revised ruling because substantial evidence indicated that there was no community interest in preserving the property. We again disagree.

From the outset, petitioner suggests that the Commission, in determining whether to issue a notice to proceed under MCL 399.205(6), was required to consider historic preservation issues related to the property. Petitioner is incorrect. Nothing in any of the criteria justifying a notice to proceed specifically requires the Commission to consider whether the resource at issue is historic or nonhistoric. Petitioner, therefore, has failed to establish any error in this regard.

Petitioner otherwise argues that the Commission failed to provide reasons to support its decision. The record belies petitioner's claim. The Commission specified that it was denying petitioner's application for a notice to proceed because petitioner failed to meet its burden of proof. Mainly, the Commission found that petitioner "failed to demonstrate, pursuant to MCL 399.205 (6) a, b, c, or d [sic], that removing the resource . . . is necessary to substantially improve any condition in the historic district, and that removing the resource is not in the best interest of the majority of the community." Consequently, the Commission did provide reasons supporting its decision denying the notice to proceed, and petitioner's argument fails.

Petitioner additionally asserts that the Commission's decision was wrong because substantial evidence indicated there was no community interest in preserving the property. Specifically, petitioner asserts that lack of community interest in retaining the property is reflected in the fact that (1) there was no public opposition to demolition during the initial proceedings for a certificate of appropriateness; (2) the historic district had not been updated since 1980 to include

the subject property; and (3) the Commission had not offered petitioner an economically feasible alternative plan for the property that would preserve it under MCL 399.205(5).[3]

Petitioner did not make any of these arguments or attempt to establish proofs in support of these claims at the remand hearing held before the Commission. Instead, petitioner made arguments irrelevant to the notice to proceed requirements and presented no witnesses or documentary evidence to support issuance of a notice to proceed under MCL 399.205(6)(d). For example, petitioner argued at the hearing that the Commission had not provided any compelling reasons why the structures had to be preserved. This argument was a red herring: Petitioner, not the Commission, bore the burden of proof to establish that preserving the structures was not in the interest of the majority of the community. *Bunce v Secretary of State*, 239 Mich App 204, 216; 607 NW2d 372 (1999). Similarly, petitioner argued that because the buildings are not historical, there was "no historical interest" for the majority of the community to retain them.

However, as previously explained, whether a specific structure in an area designated as a "historic district" is historical is not the proper question in determining whether a notice to proceed should be issued. The question is whether the structure is a "historic resource" or a "resource", under MCL 399.201a(l) and (s). If it is either, then the notice to proceed process of MCL 399.201a(n) and MCL 399.205(6) apply.

Absent the arguments proffered, petitioner did not otherwise provide any proofs to show that the majority of the community had no interest in retaining the structures. Furthermore, at least three citizens made public comments opposed to demolition of the structures at the Commission remand hearing. Consequently, having reviewed the record, we conclude that the Commission reasonably decided that petitioner failed in its burden of proof to establish that "[r]etaining the resource is not in the interest of the majority of the community." MCL 299.205(6)(d).

In sum, the Commission reasonably concluded that petitioner had failed to present any evidence warranting the issuance of a notice to proceed, and neither the ALJ nor the Review Board erred by adopting that decision. In turn, the circuit court's decision to affirm the Review Board's decision does not evince a misapplication of the substantial-evidence test. Accordingly, petitioner has not presented any basis on which to displace the Commission's finding that petitioner failed to meet its burden of proof to show entitlement to a notice to proceed.

---

[3] MCL 399.205(5) provides:

> If an application is for work that will adversely affect the exterior of a resource the commission considers valuable to the local unit, state, or nation, and the commission determines that the alteration or loss of that resource will adversely affect the public purpose of the local unit, state, or nation, the commission shall attempt to establish with the owner of the resource an economically feasible plan for preservation of the resource.

## IV. CONCLUSION

Petitioner has failed to show error requiring reversal of the ALJ's ruling, and moreover, has not shown that the circuit court abused its discretion in affirming said ruling. Accordingly, we affirm.

/s/ Michelle M. Rick
/s/ James Robert Redford
/s/ Kirsten Frank Kelly